■ ROLAND P. MAYNARD et al., Individually and as Parents and Guardians of CHRISTOPHER MAYNARD, an Infant, Respondents, v BOARD OF EDUCATION OF THE MASSENA CENTRAL SCHOOL DISTRICT et al., Appellants, and JASON SOSVILLE, Respondent, et al., Defendants. [663 NYS2d 717] —Mercure, J. Appeal from that part of an order of the Supreme Court (Demarest, J.), entered January 2, 1997 in St. Lawrence County, which denied a motion by certain defendants for summary judgment dismissing the complaint and all cross claims against them.

Plaintiffs commenced this action to recover for injuries sustained by ninth grade student Christopher Maynard in a February 19, 1993 incident that occurred at Massena High School in the Village of Massena, St. Lawrence County. At that time, Maynard and defendant Jason Sosville were students in a design and drawing class taught by defendant George Hammes. During the class, Sosville placed a pencil on a T-square or a ruler, then pulled the ruler back, called Maynard's name and, when Maynard turned to him, shot the pencil at Maynard, striking him in the eye. Plaintiffs' negligence claim against Hammes and defendants Massena Central School District and Board of Education of the Massena Central School District (hereinafter collectively referred to as the school defendants) is based, *inter alia*, on their asserted failure to maintain a safe environment and to provide adequate supervision of the children and to maintain discipline and control in Hammes' classroom. Following joinder of issue and some discovery, the school defendants moved for summary judgment dismissing the complaint against them and plaintiffs cross-moved for summary judgment for the relief demanded in the complaint. Supreme Court denied the motion and the cross motion and the school defendants appeal.

We affirm. It is well settled that schools owe a duty of care to adequately supervise students under their care and will be held liable for foreseeable injuries that are proximately caused by a lack of adequate supervision (*see, Mirand v City of New York*, 84 NY2d 44, 49; *Lawes v Board of Educ.*, 16 NY2d 302, 306). Nonetheless, a school is not an insurer of safety of its students and has a duty only to exercise the degree of care that a reasonably prudent parent would exercise under similar circumstances (*see, Hoose v Drumm*, 281 NY 54, 57-58; *Ceglia v Portledge School*, 187 AD2d 550; *Tomlinson v Board of Educ.*, 183 AD2d 1023, 1024). In this case, we agree with Supreme Court that the evidence presented on the motion and cross mo-

tion raised a factual issue as to whether the school defendants' lack of adequate supervision was a proximate cause of Maynard's injuries.

Specifically, the record evidences an established pattern of undisciplined, disruptive and unruly behavior in Hammes' classes. Hammes' drawing students would engage in nearly daily "tape wars" (where they threw balls of waste masking tape at one another), which Hammes acknowledged would sometimes "get out of hand". In addition, on at least two prior occasions students had propelled pencils into the ceiling in a manner similar to that employed by Sosville at the time of Maynard's injury and students had been caught throwing erasers, paper and pieces of wood. Second, the evidence showed that Sosville had a terrible disciplinary record, a fact that was well known to Hammes, who described him as "slippery" and a student who, "if given an inch, would probably take a mile". Under the circumstances, we conclude that the record supports a finding that the school defendants were on notice of Sosville's dangerous conduct, that they breached their duty to Maynard to provide adequate supervision (*see, Mirand v City of New York, supra*, at 49), and that the injury sustained by Maynard was a reasonable and foreseeable consequence of that breach (*see, id.*, at 50).

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.