■ JENNIFER SCHRADER, an Infant, by CHARLES S. SCHRADER, et al., Her Parents and Guardians, et al., Respondents, v BOARD OF EDUCATION OF THE TACONIC HILLS CENTRAL SCHOOL DISTRICT, Appellant. [671 NYS2d 785] —Mikoll, J. P. Appeal from an order of the Supreme Court (Connor, J.), entered May 14, 1997 in Columbia County, which denied defendant's motion for summary judgment dismissing the complaint.

On June 17, 1993, plaintiff Jennifer Schrader (hereinafter plaintiff), an eighth-grade student at Taconic Hills Middle School in the Town of Hillsdale, Columbia County, attended a social studies class taught by Royce Carney, who had taught at

the school for 27 years. The first half of the 40-minute period was devoted to review for final examinations and during the remaining time Carney permitted the students to review individually with him or study in small groups. Plaintiff was in a study group with two male classmates, Wayne Handshuh and Jamie Harr. Plaintiff requested and received permission to leave class to use the lavatory. When she exited the girl's lavatory, she encountered Handshuh and Harr in the hallway. According to plaintiff, the boys asked her to accompany them downstairs and she agreed. She testified that these boys were friends of hers and, in going downstairs with them, she was not concerned or afraid for her safety; rather, plaintiff indicated that she believed they were going to "waste time or whatever". The three proceeded to the stage area of the gym where the two boys sexually assaulted her.

Plaintiff reported the incident after school to the guidance counselor and the principal. Carney was not questioned about the incident, however, until five days later, by which time he was unable to specifically recall the circumstances under which the boys left the room. He believed that one of the boys had been given permission to go to the lavatory, but could not recall whether or for what purpose the second boy had been permitted to leave the room.

Plaintiffs commenced this action against defendant under a theory of negligent supervision. Following discovery, defendant moved for summary judgment. In denying defendant's motion, Supreme Court found questions of fact as to whether the boys were outside the classroom with the knowledge of the teacher, whether the teacher failed to follow school policies designed to protect its students and whether the incident was foreseeable under the circumstances. We reverse.

While not insurers of the safety of students, schools are "under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49). Where injuries are caused by the intentional acts of fellow students, imposition of liability upon the school under a theory of negligent supervision is justified when a plaintiff can show, usually by virtue of the school's prior knowledge or notice of the dangerous conduct which caused the injury, that the acts of the fellow student could reasonably have been anticipated (*see, id.*). On the other hand, "school personnel cannot reasonably be expected to guard against * * * an injury caused by the impulsive, unanticipated act of a fellow student" (*id.*, at 49;

*see, Maynard v Board of Educ.*, 244 AD2d 622; *Borelli v Blind Brook Unified School Dist.*, 244 AD2d 305; *Danna v Sewanhaka Cent. High School Dist.*, 242 AD2d 361; *Ruchalski v Schenectady County Community Coll.*, 239 AD2d 687; *DeMunda v Niagara Wheatfield Bd. of Educ.*, 213 AD2d 975; *Hanley v Hornbeck*, 127 AD2d 905).

Here, plaintiffs have made no showing that school personnel were possessed of any knowledge or notice as to the risk of physical or sexually assaultive behavior by the two boys involved. Nothing in their behavioral histories prior to this incident, which included talking in class without permission, failing to submit required assignments and engaging in disruptive activity in class, provides a sufficient basis upon which to find that the school was put on actual or constructive notice of any violent or assaultive tendencies or behavior on their part. While it is true that these issues generally present questions of fact, there must be some foundation upon which the question of foreseeability of harm may be predicated, i.e., at least a minimal showing as to the existence of actual or constructive notice (*see, e.g., Shante D. v City of New York*, 190 AD2d 356, *affd* 83 NY2d 948).

Plaintiffs argue that because three students were outside of the classroom at the same time in violation of the school's established policy and Carney could not recall the precise reasons or conditions under which the boys left the room, negligent supervision has been established. School policy in effect at the time of this occurrence provided that students were required to receive permission, in the form of a pass, to leave the classroom for any purpose, e.g., lavatory, library or office. Only one student of each sex was permitted to use the lavatory at the same time. As noted, by the time Carney was called upon to do so, he could not specifically recollect the circumstances surrounding the two boys' absence from his classroom. Even assuming, arguendo, that these circumstances established negligence on the part of defendant, "[t]he test to be applied is whether under all the circumstances the chain of events that followed the negligent act or omission was a normal or foreseeable consequence of the situation created by the school's negligence" (*Mirand v City of New York*, 84 NY2d 44, 50, *supra*). In the absence of evidence establishing any basis upon which to conclude that the boys' conduct was foreseeable, we find that the test for defendant's liability has not been satisfied. Further, the facts of *Bell v Board of Educ.* (90 NY2d 944) are sufficiently distinguishable to render plaintiffs' reliance thereon unavailing. In *Bell (supra)*, the Court of Appeals held

that a rational jury could have found criminal acts of third parties a reasonably foreseeable consequence of the negligence of the defendant school in leaving a student behind when departing from a field trip to a park in New York City. In the instant case, we believe the acts of the fellow students were "extraordinary and intervening, thus breaking the causal nexus" between defendant's negligence (if any) and plaintiff's injury (*Mirand v City of New York, supra*, at 50).

Cardona, P. J., Mercure, White and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.