■ FREDERICK E. MARSHALL, JR., Individually and as Administrator of the Estate of MELISSA S. MARSHALL, Deceased, Appellant, v CORTLAND ENLARGED CITY SCHOOL DISTRICT, Respondent, et al., Defendants. [697 NYS2d 395] —Mercure, J. P. Appeal from an order of the Supreme Court (O'Brien, III, J.), entered February 11, 1999 in Cortland County, which, *inter alia*, granted defendant Cortland Enlarged City School District's motion for summary judgment dismissing the complaint against it.

This action arises out of the June 6, 1996 murder of plaintiff's daughter Melissa (hereinafter decedent) by defendant Matthew Covington. At the time of the incident, Covington and Melissa were both special education students in their senior year at Cortland Senior High School in Cortland County. The tragedy took place during the students' lunch period, outside the school buildings in a wooded area of the school property. The complaint alleges that defendant Cortland Enlarged City School District (hereinafter defendant) was negligent in failing to properly supervise the students. Following joinder of issue and discovery, defendant moved for summary judgment dismissing

the complaint against it. Supreme Court granted the motion and plaintiff appeals.

We affirm. It is settled law that while "[s]chools are under a duty to adequately supervise the students in their charge and * * * will be held liable for foreseeable injuries proximately related to the absence of adequate supervision", they are not insurers of the safety of their students (*Mirand v City of New York*, 84 NY2d 44, 49; *see*, *Schrader v Board of Educ.*, 249 AD2d 741, 742, *lv denied* 92 NY2d 806; *Malik v Greater Johnstown Enlarged School Dist.*, 248 AD2d 774). Further, the Court of Appeals has held: "In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated * * * Actual or constructive notice to the school of prior similar conduct is generally required because, obviously, school personnel cannot reasonably be expected to guard against all of the sudden, spontaneous acts that take place" (*Mirand v City of New York, supra*, at 49 [citation omitted]). Viewing the evidence adduced on the summary judgment motion in light of the applicable legal standards, we are in accord with Supreme Court's conclusion that plaintiff failed to counter defendant's prima facie showing of freedom from negligence with any competent evidence supporting a finding that defendant breached a duty of care that it owed to decedent.

Initially, we are not persuaded that the evidence submitted on the motion created a factual issue as to whether Covington's past behavior put defendant on notice that he was dangerous and needed mental health counseling and monitoring. Although affidavits and deposition testimony of fellow students Robert Parsons and Scott Smith supported a finding that Covington had made threats against his former girlfriend, Erin Eaton, during the prior school year, neither Parsons nor Smith were able to articulate the actual information they passed along to school personnel. Further, even accepting plaintiff's premise that Parsons had at that time told a teacher that Covington intended to "stick his girlfriend * * * with a needle and try killing her", that communication did not provide defendant with "sufficiently specific knowledge" that Covington's murder of decedent "could reasonably have been anticipated" (*Mirand v City of New York, supra*, at 49; *see*, *Schrader v Board of Educ.*, *supra*, at 743; *Malik v Greater Johnstown Enlarged School Dist.*, *supra*, at 775-776).

We are similarly unpersuaded by plaintiff's contentions that defendant was on notice that the wooded area was inherently dangerous such as to give rise to a duty to provide additional supervision or security, or that defendant owed decedent a heightened duty of care because she was a special education student. The evidence relied upon by plaintiff in support of those claims is either incompetent or irrelevant. We note that, unlike the situation in *Ernest v Red Cr. Cent. School Dist.* (93 NY2d 664), in this case there is no evidence to support a finding that the nearby woods posed "a foreseeably hazardous setting" (*id.*, at 672).

Plaintiff's remaining contentions have been considered and found to be meritless.

Crew III, Peters, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.