■ WALTER H. DRUBA, as Parent and Guardian of ELECIA DRUBA, an Infant, Respondent, v EAST GREENBUSH CENTRAL SCHOOL DISTRICT, Appellant. [734 NYS2d 331] —Lahtinen, J. Appeal from an order of the Supreme Court (Canfield, J.), entered February 6, 2001 in Rensselaer County, which denied defendant's motion for summary judgment dismissing the complaint.

On December 16, 1999, plaintiff's then 15-year-old daughter (hereinafter the victim) was attacked by six fellow students near the main lobby entrance to defendant's high school. As a result of this attack, the victim sustained a concussion and other physical injuries, causing her to miss several days of school. Plaintiff commenced this action against defendant alleging that the victim's injuries resulted from defendant's negligent supervision. After discovery, defendant moved for summary judgment seeking dismissal of the complaint. Supreme Court found that defendant's submissions failed to establish, by evidentiary proof in admissible form, defendant's entitlement to summary judgment (*see*, *Zuckerman v City of New York*, 49 NY2d 557, 562-563) requiring denial of defendant's motion (*see*, *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). Defendant now appeals and we affirm.

Schools have a duty to adequately supervise students in their care and will be held liable for foreseeable injuries proximately related to the lack of adequate supervision (*see*, *Mirand v City of New York*, 84 NY2d 44, 49; *Foster v New Berlin Cent. School Dist.*, 246 AD2d 880, 881). However, schools are not insurers of students' safety; rather, they are only required " 'to exercise such care of them as a parent of ordinary prudence would

observe in comparable circumstances'" (*Mirand v City of New York, supra,* at 49, quoting *Hoose v Drumm,* 281 NY 54, 57-58; *see, Shante D. v City of New York,* 190 AD2d 356, 361, *affd* 83 NY2d 948). Further, where injuries are caused by the intentional acts of fellow students, the imposition of liability on the school due to negligent supervision requires a plaintiff to demonstrate, by the school's prior knowledge or notice of the dangerous conduct which caused the injury, that the acts of the fellow students could have reasonably been anticipated (*see, Busby v Ticonderoga Cent. School Dist.,* 258 AD2d 762, 764, *lv denied* 93 NY2d 814; *Schrader v Board of Educ.,* 249 AD2d 741, 742, *lv denied* 92 NY2d 806).

The record here reveals that on three separate occasions, commencing in September 1999, the victim spoke to the high school vice principal who supervised her grade level, regarding threats of physical harm directed at her by the girls who assaulted her. She also requested more monitoring of those girls. The vice principal's response was to caution her to avoid those girls. Given the repeated nature of these warnings by the victim and that the attack occurred where the victim had requested monitors be provided, plaintiff has raised a question of fact as to whether the "school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused [the victim's] injury * * * [so] that the [attackers'] acts could reasonably have been anticipated" (*Mirand v City of New York, supra,* at 49; *accord, Marshall v Cortland Enlarged City School Dist.,* 265 AD2d 782, 783) sufficient to preclude summary judgment. Further, we note that foreseeability is generally an issue for the fact finder (*see, Bell v Board of Educ.,* 90 NY2d 944, 946) and the acts of the attackers here cannot be categorized as unforeseen "impulsive, unanticipated act[s] of a fellow student" (*Mirand v City of New York, supra,* at 49; *accord, Schrader v Board of Educ., supra,* at 742), unforeseen "sudden and spontaneous conduct" (*Foster v New Berlin Cent. School Dist.,* 246 AD2d 880, 881, *supra*) or unforeseen "sudden act[s] which came as a surprise" (*Busby v Ticonderoga Cent. School Dist., supra,* at 764). We agree with Supreme Court that defendant's submissions in support of its motion are deficient and fail to resolve any of the factual issues as a matter of law, including whether the attack on the victim was a foreseeable consequence of the chain of events arising from defendant's inadequate supervision (*see, Mirand v City of New York, supra,* at 50; *see also, Maynard v Board of Educ.,* 244 AD2d 622, 622-623).

Finally, we find unpersuasive defendant's attempt to prove

that the victim assumed the risk of harm by walking in proximity to where her attackers often congregated. In this regard, defendant again submitted incompetent and inadmissible proof consisting of the unsworn statements given to the police by the girls who attacked her, namely, that the victim walked by them and provoked the attack by calling them names. Plaintiff countered with the victim's deposition testimony that the victim never spoke to her attackers on December 16, 1999 and that she was first struck from behind after walking past them. The vice principal's testimony that the victim could have taken a different, more direct route to the classroom where she was headed for extra help in one of her subjects, thereby avoiding her attackers, was contrasted by the testimony of the victim that she was forced to take the fateful route in proximity to her attackers because the crush of students exiting school at the end of the school day prevented her from taking the more direct route. This is a far cry from defendant's assertion that the victim voluntarily and knowingly accepted a challenge to meet up with her attackers (see, e.g., Jones v Kent, 35 AD2d 622).

Cardona, P. J., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.