■ NANCY VAN LEUVAN, Individually and as Parent and Guardian of GARY VAN LEUVAN, an Infant, Appellant, v RONDOUT VALLEY CENTRAL SCHOOL DISTRICT, Respondent. [798 NYS2d 770]—

Carpinello, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered December 23, 2004 in Ulster County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action to recover damages for an injury sustained by her son, Gary Van Leuvan, during seventh grade when another student, Charles Kelsey, kicked him in the knee on the playground. Supreme Court properly granted summary judgment to defendant and dismissed the complaint. Accordingly, we affirm.

The record reveals that Van Leuvan and Kelsey, along with a few other students, engaged in a snowball fight toward the end of a 10 to 15-minute recess period in January 2002. At least four monitors were present on the playground at the time. When a whistle blew signifying the end of recess, Van Leuvan headed toward the door but not before throwing one last snowball at Kelsey. As Van Leuvan walked inside, Kelsey grabbed him from behind prompting Van Leuvan to turn around. At this time, Kelsey kicked him in the knee while wearing steel-toed boots. There is no dispute that this kick seriously injured Van Leuvan.

It is certainly well-settled law that a school district will be

held liable only for foreseeable injuries proximately related to the absence of adequate supervision (*see Mirand v City of New York*, 84 NY2d 44, 49 [1994]). Thus, a school district will not be held liable " 'for every thoughtless or careless act by which one pupil may injure another' " (*id.* [citation omitted]). Here, there is simply no evidence that defendant "had sufficiently specific knowledge or notice of the dangerous conduct which caused [Van Leuvan's] injury" (*id.; see Convey v City of Rye School Dist.*, 271 AD2d 154, 159 [2000]; *Danna v Sewanhaka Cent. High School Dist.*, 242 AD2d 361 [1997]; *cf. Druba v East Greenbush Cent. School Dist.*, 289 AD2d 767 [2001]). Kelsey's intentional conduct of kicking Van Leuvan was a sudden and spontaneous act that defendant could not have reasonably anticipated (*see Mirand v City of New York, supra* at 49; *see also Chambers v Roosevelt Union Free School Dist.*, 260 AD2d 594 [1999]; *Foster v New Berlin Cent. School Dist.*, 246 AD2d 880, 881 [1998]). There is no proof that any prior conduct on Kelsey's part should have put defendant on notice to protect Van Leuvan against him, including Kelsey's participation in the friendly and relatively brief snowball fight that afternoon (*see Mirand v City of New York, supra; Danna v Sewanhaka Cent. High School Dist., supra; cf. Druba v East Greenbush Cent. School Dist., supra; James v Gloversville Enlarged School Dist.*, 155 AD2d 811 [1989]).

In fact, Van Leuvan himself readily acknowledged that the two had been friends for four years prior to the incident, were "just having fun" that afternoon during the snowball fight and had never argued or fought in the past (*see Foster v New Berlin Cent. School Dist., supra; cf. Druba v East Greenbush Cent. School Dist., supra; James v Gloversville Enlarged School Dist., supra*). In any event, even assuming that defendant had the requisite knowledge or notice, the kick occurred so suddenly that no amount of supervision would have prevented it and, therefore, any purported negligence based on lack of supervision was not a proximate cause of Van Leuvan's injuries (*see Cranston v Nyack Pub. Schools*, 303 AD2d 441 [2003]; *Sanzo v Solvay Union Free School Dist.*, 299 AD2d 878, 879 [2002]; *Convey v City of Rye School Dist., supra* at 160; *Tomlinson v Board of Educ. of City of Elmira*, 183 AD2d 1023, 1024 [1992]; *cf. Thomas v Board of Educ. of Kingston City Consol. School Dist.*, 291 AD2d 710 [2002]).

Plaintiff's remaining contentions have been reviewed and found to be without merit.

Spain, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.