■ BRIAN P. WOOD et al., Individually and as Parents and Guardians of BRIAN W. WOOD, Appellants, v WATERVLIET CITY SCHOOL DISTRICT, Respondent. [815 NYS2d 360]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered May 11, 2005 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

On June 5, 2002, Brian W. Wood, a fifth-grade student at Watervliet Elementary School, sustained a fractured nose and lost a tooth when he was punched several times, knocked to the floor and kicked by Jamal Leaks, another fifth-grade student. The incident occurred during a social studies class that was being supervised by Cherril Young, a substitute teacher. Plaintiffs commenced this action alleging that Wood's injuries resulted from negligent supervision by defendant. Supreme Court granted defendant's motion for summary judgment dismissing the complaint. Plaintiffs appeal.

While a school is not an insurer of the safety of students, it has a duty to adequately supervise its students and is liable for foreseeable injuries proximately caused by the absence of adequate supervision (*see Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *Doe v Board of Educ. of Morris Cent. School*, 9 AD3d 588, 589-590 [2004]; *Maynard v Board of Educ. of Massena Cent. School Dist.*, 244 AD2d 622, 622 [1997]). The foreseeability of one student intentionally harming another generally requires proof of "[a]ctual or constructive notice to the school of prior similar conduct . . . because, obviously, school personnel cannot reasonably be expected to guard against all of the sudden, spontaneous acts that take place among students daily"

(*Mirand v City of New York, supra* at 49; *see Druba v East Greenbush Cent. School Dist.,* 289 AD2d 767, 768 [2001]; *Schrader v Board of Educ. of Taconic Hills Cent. School Dist.,* 249 AD2d 741, 742 [1998], *lv denied* 92 NY2d 806 [1998]). And, the test for causation is "whether under all the circumstances the chain of events that followed the negligent act or omission was a normal or foreseeable consequence of the situation created by the school's negligence" (*Mirand v City of New York, supra* at 50). These issues—the adequacy of supervision and proximate cause—are generally factual questions for the jury (*see Oakes v Massena Cent. School Dist.,* 19 AD3d 981, 982 [2005]; *Lindaman v Vestal Cent. School Dist.,* 12 AD3d 916, 917 [2004]; *Doe v Board of Educ. of Morris Cent. School, supra* at 590; *Shoemaker v Whitney Point Cent. School Dist.,* 299 AD2d 719, 720 [2002]; *appeal dismissed* 99 NY2d 610 [2003]).

There is clearly conflicting evidence on critical points, but we view the proof in the record in the light most favorable to plaintiffs since they are the party opposing summary judgment (*see Doe v Board of Educ. of Morris Cent. School, supra* at 590). Leaks had an ignominious disciplinary record that included several recent physical acts. In the five months before the subject incident, Leaks was involved in 10 reported disciplinary matters. Of these, several included fighting and other physical acts, including throwing a chair against the wall in his classroom on January 22, 2002, fighting with a student in the cafeteria on February 7, 2002, physically pushing adults who attempted to restrain him and police being summoned to assist in dealing with the incident, being restrained by an adult while attempting to reach a female student at whom he was shouting obscenities on March 26, 2002, pushing a student on May 1, 2002, and engaging in three fights on a school bus on May 15, 2002. This evidence amply raises a triable issue regarding the foreseeability that Leaks would engage in assaultive conduct.

As to this particular assault and the issue of causation, there is evidence that Leaks was bullying or verbally harassing a student in the class who was a friend of Wood. This conduct created a commotion that attracted the attention of Young, who instructed Leaks to cease his conduct. According to Wood, Leaks did not stop harassing the other student and the conduct continued as Young responded to a knock on the door. Young walked through the doorway, leaving only an arm on the classroom-side of the door, and she remained otherwise outside

the door for about three minutes.* During this time, Wood allegedly told Leaks to stop his harassment of the other student, with Leaks saying he would not and adding threats against Wood. The boys continued to argue, Wood telling Leaks to leave his friend alone and, as Wood turned to sit in his seat, Leaks commenced punching him in the face. Plaintiffs submitted an affidavit from a former superintendent of schools who detailed Leaks' extensive disciplinary history, discussed appropriate approaches by a school to such an individual as well as to the circumstances leading up to and surrounding this particular assault, and he opined that defendant was negligent in several regards as to this incident. In light of Leaks' known assaultive behavior, the beginning of a disruptive incident in the classroom involving him, the inability of the teacher to stop that incident before answering the door, and the decision of the teacher to essentially leave the classroom for three minutes rather than invite the person who knocked on the door of her classroom into the room or otherwise keep the ongoing incident in the room supervised, we conclude that factual issues exist under all the circumstances regarding causation.

We address briefly defendant's reliance on Wood's statement at his examination before trial that the incident "happened so quick[ly] nobody could have done anything." This was in response to a question about whether Wood's friend (who was being bullied) attempted to stop the assault. While the actual assault happened quickly, the same could be said of nearly any case involving an assault. The issue is not the speed of the punch, but the circumstances leading up to and surrounding that conduct (*see Mirand v City of New York, supra* at 50). Here, there is sufficient evidence to raise a factual question on that issue.

Finally, we find no merit in the contention that Woods voluntarily entered into a physical altercation and, thus, is precluded from pursuing this action. Words spoken in an effort to curtail bullying are not synonymous with an invitation to assaultive conduct (*compare Borelli v Board of Educ. of Highland School Dist.,* 156 AD2d 903, 904 [1989]; *Ruggerio v Board of Educ. of City of Jamestown,* 31 AD2d 884, 884 [1969], *affd* 26 NY2d 849 [1970]).

Crew III, J.P., Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and motion denied.

---

* This is one example of the significantly varying version of events since Young estimated her time outside the door at five seconds.