■ Mona LaPage, Individually and as Parent and Guardian of Christopher Ball, an Infant, Respondent, v Christopher Evans, Defendant, and Brushton-Moira Central School District Appellant. [830 NYS2d 818]—

Kane, J. Appeal from an order of the Supreme Court (Demarest, J.), entered January 6, 2006 in Franklin County, which denied a motion by defendant Brushton-Moira Central School District for summary judgment dismissing the complaint against it.

Plaintiff's son, Christopher Ball, and defendant Christopher Evans were juniors attending high school in defendant Brushton-Moira Central School District (hereinafter defendant). One of defendant's school buses transported Ball and Evans, along with several other students, from a BOCES program back to the high school. During the bus ride on the day in question, someone poked Ball, he assumed it was Evans, the two exchanged words and stood up in the bus aisle, Ball pushed Evans and then both boys returned to their seats. Nothing further transpired throughout the remaining 10 minutes of the bus ride. After Ball and Evans exited the bus at school, Ball either turned around or was spun around by Evans, and Evans struck him in the face approximately 10 times in rapid succession, breaking Ball's jaw.

Defendant's bus driver denied seeing the incident on the bus when the boys were standing in the aisle. When he saw Ball being spun around a few feet outside the bus, he anticipated a problem. As other students were exiting the bus, the driver tried to call for help on his radio, but his transmission was blocked by others using the signal. He then got up and exited the bus, but the altercation had terminated by that point.

Plaintiff commenced this action against defendant and Evans. Evans defaulted. Defendant moved for summary judgment. Finding questions of fact, Supreme Court denied the motion, prompting defendant to appeal.

When injuries are caused by the intentional acts of another student, the school is liable under a negligent supervision theory only where the plaintiff shows that the acts of the fellow student could have been reasonably anticipated due to the school's notice or prior specific knowledge of the aggressor student's propensity to engage in such conduct (see Mirand v City of New York, 84 NY2d 44, 49 [1994]; see also Dia CC. v Ithaca City School Dist., 304 AD2d 955, 956 [2003], lv denied 100 NY2d 506 [2003]). It is undisputed that neither Ball nor Evans had been involved in fights before, neither had any serious disciplinary history, the two hardly had any previous interaction and defendant was not aware of any problems with either one individually or between the two of them (compare Wilson v Vestal Cent. School Dist., 34 AD3d 999, 1000-1001 [2006]; Maynard v Board of Educ. of Massena Cent. School Dist., 244 AD2d 622, 623 [1997]). Even assuming that the bus driver saw or should have seen what transpired between the two students standing in the aisle—and we must make that assumption in plaintiff's favor on this summary judgment motion—this brief confrontation, without more, was insufficient to alert defendant

that it should have anticipated Evans' sudden acts after alighting from the bus, which came as a surprise even to Ball (*see Busby v Ticonderoga Cent. School Dist.*, 258 AD2d 762, 764 [1999], *lv denied* 93 NY2d 814 [1999]; *see also Van Leuvan v Rondout Val. Cent. School Dist.*, 20 AD3d 645, 646 [2005]; *Marshall v Cortland Enlarged City School Dist.*, 265 AD2d 782, 783 [1999]).

Plaintiff also argues that defendant was liable because the bus driver should have intervened once the fight outside the bus began. The incident here happened so suddenly and without warning that the bus driver had no opportunity to intercede, making Evans' acts the sole proximate cause of Ball's injuries (*see Foster v New Berlin Cent. School Dist.*, 246 AD2d 880, 881 [1998]; *compare Wood v Watervliet City School Dist.*, 30 AD3d 663, 664-665 [2006]). As defendant had no notice and possessed no knowledge that would have made Evans' attack on Ball reasonably foreseeable, and the bus driver had no opportunity to intercede, defendant was entitled to summary judgment dismissing the complaint against it.

Cardona, P.J., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion of defendant Brushton-Moira Central School District granted, summary judgment awarded to said defendant and complaint dismissed against it.