■ Karen MacCormack, Individually and as Parent and Guardian of Bryan MacCormack, an Infant, Respondent, v Hudson City School District Board of Education et al., Appellants, and BJ Cantele et al., Individually and as Parents of James Cantele, an Infant, Respondents. [856 NYS2d 721]—

Malone Jr., J. Appeal from an order of the Supreme Court (Hummel, J.), entered August 2, 2007 in Columbia County which, among other things, denied the motion of defendants Hudson City School District Board of Education and Hudson City School District for summary judgment dismissing the complaint against them.

On May 12, 2004, Bryan MacCormack and James Cantele were freshmen at Hudson High School in Columbia County. During the preceding weeks, they had a minor altercation in the cafeteria and Cantele allegedly threatened MacCormack with physical violence. On the date in question, the two had a verbal exchange while they were ascending the stairs which culminated in Cantele striking MacCormack in the face and causing him to lose two teeth. Plaintiff, MacCormack's mother, subsequently commenced this negligence action against various parties, including defendants Hudson City School District Board

of Education and Hudson City School District (hereafter collectively referred to as defendants). Following joinder of issue, Supreme Court, among other things, denied defendants' motion for summary judgment dismissing the complaint against them. Defendants now appeal.

Initially, it is well settled that although schools are not insurers of safety, they "are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]). In evaluating whether there has been a breach of the duty of adequate supervision in the context of injuries caused by the intentional acts of fellow students, "it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (*id.* [citation omitted]; *see Wilson v Vestal Cent. School Dist.*, 34 AD3d 999, 1000 [2006]; *Druba v East Greenbush Cent. School Dist.*, 289 AD2d 767, 768 [2001]). That, however, is not the end of the inquiry, as it must further be demonstrated that the negligent supervision was the proximate cause of the injuries (*see Van Leuvan v Rondout Val. Cent. School Dist.*, 20 AD3d 645, 646 [2005]; *Velez v Freeport Union Free School Dist.*, 292 AD2d 595, 596 [2002]). "The test to be applied is whether under all the circumstances the chain of events that followed the negligent act or omission was a normal or foreseeable consequence of the situation created by the school's negligence" (*Mirand v City of New York*, 84 NY2d at 50 [citations omitted]).

In support of their motion for summary judgment, defendants submitted the deposition testimony of school administrators establishing that they were unaware of any serious problems between MacCormack and Cantele and did not experience any significant disciplinary problems with Cantele prior to the incident in the stairwell. They submitted further proof that MacCormack neither reported Cantele's alleged threats to school officials nor expressed to them a concern for his safety (*compare Wilson v Vestal Cent. School Dist.*, 34 AD3d at 1000; *Druba v East Greenbush Cent. School Dist.*, 289 AD2d at 768). Although MacCormack told the school principal about an incident in the cafeteria a few weeks before, he described it as an argument over a bet while he and Cantele were sitting together at a lunch table during which the two exchanged slaps until school officials intervened. Based on the foregoing, we find that defendants could not have reasonably anticipated that Cantele's behavior would escalate to the point of inflicting phys-

ical injury on MacCormack and knocking out his teeth (*see Busby v Ticonderoga Cent. School Dist.*, 258 AD2d 762, 764 [1999], *lv denied* 93 NY2d 814 [1999]). Although plaintiff relies upon Cantele's school disciplinary record to establish defendants' knowledge of his violent propensities, much of it was compiled prior to his entry into high school and involved incidents of horseplay and disruptive behavior much different in nature from the conduct at issue. Consequently, we do not find that it was sufficient to place defendants on notice of the situation that later erupted (*see Velez v Freeport Union Free School Dist.*, 292 AD2d at 596; *Malik v Greater Johnstown Enlarged School Dist.*, 248 AD2d 774, 776 [1998]).

In any event, even if we were to find that defendants had the requisite notice, the element of proximate cause is lacking as Cantele's act of striking MacCormack was so sudden and spontaneous that no amount of supervision would have prevented it (*see Van Leuvan v Rondout Val. Cent. School Dist.*, 20 AD3d at 646; *Malik v Greater Johnstown Enlarged School Dist.*, 248 AD2d at 776; *Foster v New Berlin Cent. School Dist.*, 246 AD2d 880, 881 [1998]). Indeed, the incident occurred after a brief exchange of words while MacCormack and Cantele were walking up the stairs and lasted only 20 to 30 seconds. MacCormack stated that he had no idea Cantele was going to strike him. Likewise, an adult social worker who witnessed the incident while walking behind the students indicated that, just prior to the blow, MacCormack and Cantele appeared to be fooling around. Accordingly, inasmuch as there are no questions of fact concerning the elements necessary to establish negligent supervision, defendants' motion for summary judgment should have been granted.

Cardona, P.J., Carpinello, Rose and Stein, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion of defendants Hudson City School District Board of Education and Hudson City School District; motion granted, summary judgment awarded to said defendants and complaint dismissed against them; and, as so modified, affirmed.