■ SHARON FLANAGAN, Individually and as Parent and Guardian of BRENDAN FLANAGAN, an Infant, Appellant, v CANTON CENTRAL SCHOOL DISTRICT, Respondent. [871 NYS2d 775]—

Malone Jr., J. Appeal from an order of the Supreme Court (Demarest, J.), entered November 9, 2007 in St. Lawrence County, which granted defendant's motion for summary judgment dismissing the complaint.

In October 2004, Brendan Flanagan, then in fifth grade, was pushed from behind by another fifth grade student while in the boy's locker room of defendant's middle school. The incident caused Flanagan to hit his head and abdomen on a nearby locker and bench and to sustain personal injuries that ultimately necessitated an emergency splenectomy. Plaintiff, Flanagan's mother, then commenced this action alleging that her son's injuries were the result of negligent supervision by defendant. Supreme Court granted defendant's motion for summary judgment dismissing the complaint, prompting this appeal.

Although a school has a duty to adequately supervise its students, it is not an insurer of those students' safety. Consequently, a school is liable only for foreseeable injuries sustained by a student that were proximately caused by inadequate supervision (see *Rose v Onteora Cent. School Dist.*, 52 AD3d

1161, 1162 [2008]; *Wood v Watervliet City School Dist.*, 30 AD3d 663, 663 [2006]). Further, a school is liable for injuries caused by the intentional act of another student "only where the plaintiff shows that the acts of the fellow student could have been reasonably anticipated due to the school's notice or prior specific knowledge of the aggressor student's propensity to engage in such conduct" (*LaPage v Evans*, 37 AD3d 1019, 1020 [2007]; *see Mirand v City of New York*, 84 NY2d 44, 49 [1994]).

In the case at hand, the physical education teacher in charge of the boys' locker room on the day of the accident acknowledged that supervision of students is the most important part of ensuring their safety, it is recommended that physical education teachers go in the locker room at some point so that the students know that the teacher is close by in order to deter misbehavior, and there is a great potential for misbehavior to take place in the locker room as compared to the gym. The teacher also stated that the last four or five minutes of a physical education class for this grade level are set aside to allow the students to go to the locker room to change, and, at the end of this particular physical education class, the students were getting out of control and not listening to directions. This teacher had to lecture the class about stopping its activity and listening to instructions when directed, and that when students were acting the way they were that day, a teacher would have a greater concern to supervise their behavior, including during the time when they were in the locker room. Notwithstanding acknowledgment of these facts, the record reflects that the teacher did not go into the locker room with the students, but stayed in the gym for not "more than three minutes" to talk with a student. It was during this period of time that Flanagan was injured. Accordingly, questions of fact are raised as to whether defendant could have reasonably anticipated the pushing incident that resulted in Flanagan's injury and whether the lack of supervision in the locker room was a substantial factor in bringing about the injury (*see Mirand v City of New York*, 84 NY2d at 49; *Wood v Watervliet City School Dist.*, 30 AD3d at 663-665).

Peters, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.