■ DENISE ROMERO, Individually and as Parent and Guardian of KAITLYN M. ROMERO, an Infant, Appellant, v YMCA OF GREATER MALONE DEVELOPMENT GROUP, LLC, Respondent, et al., Defendant. [911 NYS2d 740]—

Mercure, J.P. Appeal from an order of the Supreme Court (Demarest, J.), entered November 24, 2009 in Franklin County, which, among other things, granted a motion by defendant YMCA of Greater Malone Development Group, LLC for summary judgment dismissing the complaint against it.

In 2006, plaintiff commenced this action after her 13-year-old daughter, Kaitlyn Romero, sustained injuries when she was punched in the face by another middle school girl, Brandy Fisher, at a facility operated by defendant YMCA of Greater Malone Development Group, LLC (hereinafter defendant). Although Kaitlyn did not know Brandy prior to the incident, she was aware that Brandy had argued earlier that day with Dakota Pond, a friend of Kaitlyn, and threatened to "beat up" both Kaitlyn and Dakota. When the three girls were at defendant's facility later that day, Brandy followed Kaitlyn and Dakota around, once "elbow[ing]" Kaitlyn as she walked by and telling her to "watch [her] back." Dakota informed an employee of de-

fendant at the front desk that Brandy was "harassing" them approximately four hours before the incident, and the girls were told to stay away from each other. After several hours passed, Kaitlyn and Dakota informed an employee of defendant that Brandy was still "following" them, and they were allowed into a room near the front desk. Another staff member later opened the door, allowing Brandy to enter that room, at which point Kaitlyn and Dakota went to a game room again followed by Brandy. After a few minutes, Brandy approached Kaitlyn from behind and punched her in the mouth, knocking out a tooth.*

Plaintiff, on behalf of herself and Kaitlyn, asserted causes of action against defendant sounding in negligent supervision. Following joinder of issue, defendant moved for summary judgment dismissing the complaint against it. Plaintiff cross-moved for summary judgment on the issue of whether defendant had notice of the dangerous situation at its facility. Supreme Court granted defendant's motion and dismissed plaintiff's causes of action asserted against it.

Plaintiff now appeals, asserting that triable issues of fact exist with respect to notice, reasonable foreseeability, negligent supervision and proximate cause. In so arguing, plaintiff relies primarily upon Kaitlyn's testimony that Dakota had complained to defendant's personnel about Brandy and that the personnel physically separated the girls but later allowed them to come into contact again. In our view, however, Supreme Court properly concluded that defendant was entitled to summary judgment dismissing plaintiff's negligent supervision claims and, thus, we affirm.

The parties are in agreement that the ·standards set forth in *Mirand v City of New York* (84 NY2d 44 [1994]) are controlling here. Like a school, defendant was "under a duty to adequately supervise the [children] in [its] charge and . . . will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*id.* at 49; *see Valenti v Young Men's Christian Assn. of Capital Dist.*, 70 AD3d 1089, 1089 [2010]; *Fulger v Capital Dist. YMCA*, 42 AD3d 694, 695 [2007]). This duty required defendant "to exercise such care . . . as a parent of ordinary prudence would observe in comparable circumstances" (*Mirand v City of New York*, 84 NY2d at 49). Generally, a demonstration that it was foreseeable that one child would intentionally harm another "requires proof of '[a]ctual or constructive notice . . . of prior similar conduct . . . because, obviously, school [or defendant's] personnel cannot reasonably

---

* Kaitlyn testified, in her examination before trial, that she "ha[d] absolutely no idea" how Brandy struck her in the mouth from behind.

be expected to guard against all of the sudden, spontaneous acts that take place among [children] daily' " (*Wood v Watervliet City School Dist.*, 30 AD3d 663, 663-664 [2006], quoting *Mirand v City of New York*, 84 NY2d at 49; *see LaPage v Evans*, 37 AD3d 1019, 1020-1021 [2007]). Furthermore, in determining whether proximate cause exists, " '[t]he test to be applied is whether under all the circumstances the chain of events that followed the negligent act or omission was a normal or foreseeable consequence of the situation created by the [alleged] negligence' " (*MacCormack v Hudson City School Dist. Bd. of Educ.*, 51 AD3d 1121, 1122 [2008], quoting *Mirand v City of New York*, 84 NY2d at 50; *see Druba v East Greenbush Cent. School Dist.*, 289 AD2d 767, 768 [2001]).

In moving for summary judgment, defendant presented deposition testimony from Matthew Timmons, its branch director and only full-time employee at the time of the incident, indicating that although he knew Dakota as a regular patron of defendant's facility, he was unfamiliar with Brandy and Kaitlyn and had no knowledge of prior physical altercations involving any of the girls. Timmons testified that there had been no prior fights at the facility. In addition, he stated that although staff separated the girls after becoming aware of name-calling or arguing, they were unaware of the alleged prior physical contact on the day of the incident. Furthermore, while Kaitlyn testified that Dakota informed staff that Brandy was "harassing" and "following" them, Kaitlyn did not seek the assistance of staff herself and explained that she had no concern for her own safety because she did not believe that Brandy was actually going to hit anyone. Kaitlyn also stated that once Brandy entered the game room, there were no shouts, threats or physical altercations and that she was surprised by the punch.

In light of the foregoing, we agree with Supreme Court that defendant established prima facie that the physical altercation could not have been reasonably anticipated and, further, that plaintiff presented no evidence to raise a triable issue of fact in this regard (*see MacCormack v Hudson City School Dist. Bd. of Educ.*, 51 AD3d at 1122-1123; *LaPage v Evans*, 37 AD3d at 1020-1021; *Busby v Ticonderoga Cent. School Dist.*, 258 AD2d 762, 764 [1999], *lv denied* 93 NY2d 814 [1999]; *see also Henry v Cobleskill-Richmondville Cent. School Dist.*, 13 AD3d 968, 969-970 [2004]; *cf. Hofmann v Coxsackie-Athens Cent. School Dist.*, 70 AD3d 1116, 1117-1118 [2010]; *Druba v East Greenbush Cent. School Dist.*, 289 AD2d at 768).

The parties' remaining arguments have been considered and are either lacking in merit or academic.

Peters, Rose, Malone Jr. and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.