T.E. v South Glens Falls Cent. Sch. Dist. (2024 NY Slip Op 05934)

T.E. v South Glens Falls Cent. Sch. Dist.

2024 NY Slip Op 05934

Decided on November 27, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 27, 2024

CV-23-1716
[*1]T.E., Individually and as Parent and Guardian of E.E, a Child, Appellant,
v
South Glens Falls Central School District, Respondent.

Calendar Date:October 18, 2024

Before:Egan Jr., J.P., Clark, Ceresia, Powers and Mackey, JJ.

Hacker Murphy LLP, Schenectady (Benjamin F. Neidl of counsel), for appellant.
Bartlett, Pontiff, Stewart & Rhodes, PC, Glens Falls (John D. Wright of counsel), for respondent.

Ceresia, J.
Appeal from an order of the Supreme Court (Richard A. Kupferman, J.), entered August 11, 2023 in Saratoga County, which granted defendant's motion for summary judgment dismissing the complaint.
In the fall of 2018, E.E. and J.H. were tenth grade students at defendant's South Glens Falls High School. The two previously had a tumultuous relationship, which included J.H. attacking E.E. in a middle school hallway in December 2016 and posting unclothed photos of E.E. online in January 2017. On September 11, 2018, E.E. was walking toward the cafeteria for lunch when she noticed J.H. glaring at her. E.E. continued into the cafeteria, at which point she was approached and assaulted by J.H., who started punching E.E. and slamming E.E.'s head into a pillar. J.H.'s friend then joined in the attack. The altercation eventually ended when another student pulled J.H. off of E.E. The resulting injuries suffered by E.E. included hearing loss and frequent, severe headaches.
Plaintiff, individually and as E.E.'s mother, commenced this action premised upon a theory of negligent supervision due to defendant's failure to protect E.E. from the assault. After defendant's pre-answer motion to dismiss was denied, discovery ensued and defendant then moved for summary judgment. Supreme Court granted the motion, finding, among other things, that the attack was not foreseeable, nor was defendant's alleged negligence a proximate cause of E.E.'s injuries. Plaintiff appeals.
"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision . . . . The duty owed derives from the simple fact that a school, in assuming physical custody and control over its students, effectively takes the place of parents and guardians" (Mirand v City of New York, 84 NY2d 44, 49 [1994] [citations omitted]; see Quinn v Wallkill Sch. Dist., 215 AD3d 1113, 1114 [3d Dept 2023]; Druba v East Greenbush Cent. School Dist., 289 AD2d 767, 768 [3d Dept 2001]). Evidence of the foreseeability of a student-perpetrated assault may include "prior specific knowledge of the student's propensity to engage in such conduct" (Hofmann v Coxsackie-Athens Cent. School Dist., 70 AD3d 1116, 1117 [3d Dept 2010] [internal quotation marks, ellipsis and citations omitted]; see LaValley v Northeastern Clinton Cent. Sch. Dist., 130 AD3d 1276, 1277 [3d Dept 2015]; Conklin v Saugerties Cent. Sch. Dist., 106 AD3d 1424, 1425 [3d Dept 2013]). "[T]he test for causation is whether[,] under all the circumstances[,] the chain of events that followed the negligent act or omission was a normal or foreseeable consequence of the situation created by the school's negligence" (Wood v Watervliet City School Dist., 30 AD3d 663, 664 [3d Dept 2006] [internal quotation marks and citation omitted]). Against that backdrop, when considering defendant's summary judgment motion, the proof is viewed in the light most favorable to [*2]plaintiff as the nonmovant (see id.), bearing in mind that the issues of foreseeability and proximate cause should generally be left to the factfinder (see LaValley v Northeastern Clinton Cent. Sch. Dist., 130 AD3d at 1277; Druba v East Greenbush Cent. School Dist., 289 AD2d at 768).
The record contains evidence of the following. J.H. had a school disciplinary history of 18 incidents between 2015 and 2018, which resulted in numerous detentions and suspensions. Of these 18 incidents, it appears that at least five involved acts of violence on J.H.'s part. One of the suspensions was for lighting a fellow student's hair on fire, while another suspension was for her previous attack on E.E. That particular incident involved J.H. borrowing rings from other students in order to maximize the injuries that she could inflict upon E.E. J.H. was also suspended for obtaining unclothed photos of E.E. and posting them online under the guise that it was E.E. who was posting them. By the spring of 2017, school officials were aware that J.H. was suffering from anxiety and depression, had been the subject of a PINS petition, was a runaway risk, exhibited violent behavior, had "no judgment" and was "very unpredictable." At some point around the middle of the 2017-2018 school year, J.H. screamed at E.E. in a school hallway, "what are you looking at?", and E.E. reported this to a teacher. Approximately two weeks before the incident in question, J.H.'s mother called a school guidance counselor and warned that J.H. was planning to do something to get herself expelled from school. The district superintendent stated that if she had been made aware of this call, she would have advised the high school principal about it and ensured that there was a safety plan in place.
While we are mindful that there were no specific incidents between J.H. and E.E. for a number of months prior to the subject assault, the evidence of J.H.'s extensive disciplinary history, including acts of violence together with the prior incidents aimed at E.E. herself, as well as the recent warning call from J.H.'s mother, was sufficient to raise triable issues of fact with respect to whether J.H.'s attack on E.E. was foreseeable and whether it was a consequence of a lack of adequate supervision on defendant's part (see Hofmann v Coxsackie-Athens Cent. School Dist., 70 AD3d at 1118; Wilson v Vestal Cent. School Dist., 34 AD3d 999, 1001 [3d Dept 2006]; Wood v Watervliet City School Dist., 30 AD3d at 664; cf. L.K. v Niskayuna Cent. Sch. Dist., ___ AD3d ___, ___, 2024 NY Slip Op 05262, *3 [3d Dept Oct. 24, 2024]; Schrader v Board of Educ. of Taconic Hills Cent. School Dist., 249 AD2d 741, 743 [3d Dept 1998], lv denied 92 NY2d 806 [1998]). To the extent that defendant argues a lack of foreseeability by pointing to J.H.'s deposition testimony wherein she indicated that she did not plan the attack in advance, we are unpersuaded. "The issue is not the speed of the punch, but the circumstances leading up to and [*3]surrounding that conduct" (Wood v Watervliet City School Dist., 30 AD3d at 665 [citation omitted]). In light of the foregoing, it was error to grant defendant's motion for summary judgment.
We also disagree with Supreme Court's additional rulings regarding plaintiff's supposed advancement of alternative theories of liability. It is clear that the complaint articulates one claim, for negligent supervision. That being the case, in our view, the arguments set forth in plaintiff's papers in opposition to summary judgment did not, as Supreme Court concluded, improperly assert new legal theories. Rather, plaintiff made certain arguments which could be deemed supportive of the claim that defendant was negligent in its supervision of J.H.
Egan Jr., J.P., Clark, Powers and Mackey, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and motion for summary judgment denied.