■ ELENA LEWIS-MOORE, Plaintiff, v CLOVERLEAF TOWER HOUSING DEVELOPMENT FUND CORPORATION, Appellant, and CAP RESTORATION CORP., Respondent. [810 NYS2d 70]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered November 7, 2005, which denied the motion of defendant Cloverleaf Tower Housing Development Fund for summary judgment on its cross claim against defendant CAP Restoration for common-law indemnification, unanimously affirmed, without costs.

A party seeking indemnification must prove not only that it was free of negligence, but also that the proposed indemnitor negligently contributed to the cause of the accident for which the indemnitee is liable to the injured party by virtue of some obligation imposed by law, such as the nondelegable duty to keep its premises in a reasonably safe condition (see *17 Vista Fee Assoc. v Teachers Ins. & Annuity Assn. of Am.*, 259 AD2d 75 [1999]). Although Cloverleaf delegated to its contractor the task of repairing the building's walkway and steps, Cloverleaf's own managing agent inspected the work and identified the step as a tripping hazard. Cloverleaf thus had actual notice of the allegedly faulty condition of the steps, but took no action to warn pedestrians of the hazard, or to otherwise remedy the alleged defect, for which it was obligated pursuant to its nondelegable duty to maintain the premises in a safe condition (see *DiVietro v Gould Palisades Corp.*, 4 AD3d 324 [2004]). Concur—Saxe, J.P., Marlow, Gonzalez, Catterson and McGuire, JJ.