■ ADRIA WILSON, an Infant, by THOMAS F. WILSON et al., Her Parents and Guardians, et al., Respondents, v VESTAL CENTRAL SCHOOL DISTRICT, Appellant, et al., Defendant. [825 NYS2d 159]—

Cardona, P.J. Appeal from an order of the Supreme Court (Hester, Jr., J.), entered August 10, 2005 in Broome County, which denied the motion of defendant Vestal Central School District for summary judgment dismissing the complaint against it.

Plaintiff Adria Wilson (hereinafter plaintiff) was allegedly injured in December 1996 when a fellow ninth-grade student, defendant Kristy Knapp, pulled a chair out from under her while she was seated in the cafeteria of a school operated by defendant Vestal Central School District (hereinafter defendant). Consequently, plaintiff and her parents commenced this action alleging, as is relevant here, that defendant was responsible for plaintiff's injuries due to its negligent supervision. This appeal arises from Supreme Court's denial of defendant's ensuing motion for summary judgment dismissing the complaint against it.

"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994] [citations omitted]; *see Van Leuvan v Rondout Val. Cent. School Dist.*, 20 AD3d 645, 645-646 [2005]; *Foster v New Berlin Cent. School Dist.*, 246 AD2d 880, 881 [1998]). However, school officials cannot be expected to anticipate each and every spontaneous interaction between students (*see Oakes v Massena Cent. School Dist.*, 19 AD3d 981, 982 [2005]). Thus, where a negligent supervision cause of action is predicated upon the intentional conduct of a fellow student, it is the plaintiff's burden to demonstrate that the school district had " 'prior knowledge or notice of the dangerous conduct which caused the injury, [such] that the acts of the fellow student[] could have reasonably been anticipated' " (*Doe v Board of Educ. of Morris Cent. School*, 9 AD3d 588, 590 [2004], quoting *Druba v East Greenbush Cent. School Dist.*, 289 AD2d 767, 768 [2001]; *see Mirand v City of New York, supra* at 49; *Marshall v Cortland Enlarged City School Dist.*, 265 AD2d 782, 783 [1999]). The adequacy of a school's supervision of its students is generally a question left to the trier of fact to resolve, as is the question of whether inadequate supervision was the proximate cause of the plaintiff's injury (*see Wood v Watervliet City School Dist.*, 30 AD3d 663, 664 [2006]; *Oakes v Massena Cent. School Dist., supra* at 982; *Shoemaker v Whitney Point Cent. School Dist.*, 299 AD2d 719, 720 [2002], *lv dismissed* 99 NY2d 610 [2003]).

Here, inasmuch as plaintiffs raised sufficient questions of fact concerning defendant's knowledge of prior conflicts between Knapp and plaintiff, we conclude that Supreme Court properly denied defendant's motion. In examinations before trial, plaintiffs each testified that, beginning at least two years before the incident in question, while plaintiff and Knapp were in middle school, Knapp exhibited aggressive and confrontational behavior toward plaintiff. Specifically, plaintiffs averred that Knapp stole textbooks and eyeglasses from plaintiff, destroyed her test papers, screamed at her in the school hallways and made prank telephone calls to plaintiffs' home. Plaintiffs claim that defendant was made aware of Knapp's bullying during meetings with teachers and administrators, and that in August 1996, prior to plaintiff beginning high school, her parents met with high school guidance counselor Martin Murphy, informed him of the history between Knapp and plaintiff and asked that the students' schedules be arranged to keep the two apart. It appears undisputed that they were nonetheless scheduled for the same lunch period.

Although not necessarily a dispositive factor (*see Malik v Greater Johnstown Enlarged School Dist.*, 248 AD2d 774, 776 [1998]), the record also contains the testimony of defendant's assistant principal, Steven White, that Knapp had disciplinary problems once she began high school. Of greater significance is plaintiff's testimony that Knapp continued to target her by yelling at her in hallways and challenging her to fight. For instance, in November 1996, approximately one month before the incident in question, Knapp allegedly confronted plaintiff in a classroom, pushing her into a corner and threatening her to fight. Plaintiff averred that she reported the incident to Murphy the following day.

On this record, we agree with Supreme Court that factual issues remain unresolved, specifically, whether plaintiff sustained foreseeable injuries that were proximately caused by inadequate supervision of the students by defendant (*see Mirand v City of New York, supra* at 49; *compare Doe v Board of Educ. of Morris Cent. School, supra* at 590-591, *with Foster v New Berlin Cent. School Dist., supra* at 881, *and Tomlinson v Board of Educ. of City of Elmira*, 183 AD2d 1023, 1024 [1992]). Accordingly, we affirm.

Mercure, Peters, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.