■ DEBRA VALENTI, as Parent and Guardian of NICHOLAS S. VALENTI, an Infant, Respondent, v YOUNG MEN'S CHRISTIAN ASSOCIATION OF THE CAPITAL DISTRICT et al., Appellants. [893 NYS2d 720]—

Malone Jr., J. Appeal from an order of the Supreme Court (Lynch, J.), entered September 10, 2009 in Rensselaer County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff's seven-year-old son was injured while riding a wooden scooter at defendants' after-school program. Plaintiff thereafter commenced this action alleging that defendants failed to properly supervise or instruct her son on the safe operation of the scooter and failed to provide appropriate safety equipment. After joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court denied defendants' motion, prompting this appeal. We affirm.

Defendants contend that riding the scooter was not an inherently unsafe activity and that no amount of supervision could have prevented the accident. As providers of an after-school program, defendants were not insurers of the child's safety and they were not obligated to supervise or control his every movement; however, they were obligated to exercise the same degree of care that a reasonably prudent parent would exercise under similar circumstances (*see Fulger v Capital Dist. YMCA*, 42 AD3d 694, 695 [2007]; *De Los Santos v New York City Dept. of Educ.*, 42 AD3d 422, 423 [2007]). Generally, whether defendants failed to fulfill this duty or whether such failure was the proximate cause of the child's injury presents questions of fact (*see Oakes v Massena Cent. School Dist.*, 19 AD3d 981, 982 [2005]).

Defendants submitted deposition testimony from the child in which he stated that he was kneeling on the scooter, which he described as a yellow square with four wheels on the bottom, and had just started moving when it tipped over and he hit his face on the floor, breaking two teeth and cutting his lip. According to the child, there were no objects in his path, however, the tile floor in the school gymnasium where the program was conducted was in disrepair and he believed that it was the condition of the tiles that caused him to tip over. Defendants also submitted deposition testimony from Debbie Demers, the activities assistant monitoring the children on the day that plaintiff's son was injured. Although she testified that she instructed the children not to stand on the scooter or to bang into each other or into the gym equipment, it is not possible on this record— and particularly in light of the testimony from the child regarding the condition of the floor tiles—to determine as a matter of law whether the instructions given were adequate or whether some sort of safety equipment should have been employed or other precaution undertaken. Defendants therefore failed to demonstrate that they were entitled to dismissal of the complaint as a matter of law and their motion was properly denied (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Spain, J.P., Rose, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.