■ FRANCINE RENWICK, as Guardian of RYAN RENWICK, an Infant, Appellant, v ONEONTA HIGH SCHOOL et al., Respondents. [909 NYS2d 193]—

Lahtinen, J. Appeal from an order of the Supreme Court (Dowd, J.), entered October 19, 2009 in Otsego County, which granted defendants' motion for summary judgment dismissing the complaint.

In January 2007, a group of four students from defendant Oneonta High School together with two supervising school employees used an unmaintained trail through a park as a shortcut to return to the school following an educational activity in the City of Oneonta, Otsego County. While walking through the park, one of the students, Ryan Renwick, slipped on snow-covered ice and fell. Although he was told by a school employee not to proceed, he got up, took a couple of steps and fell again. He sustained injuries in the second fall that gave rise to this action against the high school and defendant Oneonta City School District. Following discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court granted the motion and plaintiff appeals.

Although school districts are not insurers of students' safety, they nevertheless have a duty to adequately supervise students (*see Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *Oakes v Massena Cent. School Dist.*, 19 AD3d 981, 981-982 [2005]; *Marshall v Cortland Enlarged City School Dist.*, 265 AD2d 782, 783 [1999]). "[T]he standard of care applicable to a school's oversight of its students is that degree of supervision that a parent of ordinary prudence would undertake in comparable circumstances" (*Pike v Gouverneur Cent. School Dist.*, 249 AD2d 820, 820 [1998]; *see Mirand v City of New York*, 84 NY2d at 49). "The adequacy of a school's supervision of its students is generally a question left to the trier of fact to resolve, as is the question of whether inadequate supervision was the proximate cause of the plaintiff's injury" (*Wilson v Vestal Cent. School Dist.*, 34 AD3d 999, 1000 [2006] [citations omitted]; *see Valenti v Young Men's Christian Assn. of Capital Dist.*, 70 AD3d 1089, 1089 [2010]; *Wood v Watervliet City School Dist.*, 30 AD3d 663, 664 [2006]; *Merkley v Palmyra-Macedon Cent. School Dist.*, 130 AD2d 937, 937-938 [1987]). The evidence is viewed in the light most favorable to the party opposing summary judgment (*see Wood v Watervliet City School Dist.*, 30 AD3d at 664).

The students in the group were participants in an alternative education program and they, together with the two school employees, had walked on sidewalks along City streets from the

school to the area of the City where they had an educational activity. The school employees decided to permit the students to use the park to return to the school because it was shorter. Part of the park had paved roads, but those roads were closed (with signs posted and barricades in place) to vehicles during winter months. The park also included a hiking trail, which ran from a pavilion in the park to the school. This trail received no maintenance at any time of the year other than removing trees that occasionally fell obstructing it. In fact, during the winter, no part of the park was plowed, shoveled, sanded, salted or otherwise maintained. The park did receive wintertime use for activities such as cross-country skiing, sledding and walking (including as a shortcut to the school). Renwick fell just beyond the pavilion as he entered a trail section of the park.

There was testimony that a light cover of snow had fallen the night before. One of the school employees also acknowledged that, prior to the snowfall, there had been rain followed by a drop in temperature to below freezing. The City streets (where a local ordinance required residents to remove snow) were described as containing some ice and patches of snow. Although a school employee characterized the walking conditions in the park as similar to those on the sidewalks, Renwick, who did not recall slipping on the sidewalks, indicated that there was snow followed by snow and ice as they proceeded through the park. Moreover, the City's Supervisor of the Departments of Public Safety, Sewer, Water, Streets and Parks, testified that conditions on City sidewalks would be better than those in the park during winter. In light of the evidence that the school employees in charge of the students were aware of the recent rain, followed by freezing conditions and a covering of about an inch of snow, as well as the fact that the route through the park included an unmaintained trail, there is sufficient proof to permit a jury to make the determination as to whether a parent of ordinary prudence would have permitted using the park as a shortcut rather than returning over City sidewalks.

With respect to Renwick's failure to immediately adhere to the directive not to proceed once he fell, it merits noting that he was in the alternative education program, in part, because of problems following instructions. Therefore, under the prevailing circumstances, his actions do not preclude all potential liability as a matter of law (see generally Trupia v Lake George Cent. School Dist., 14 NY3d 392, 396 [2010]).

Peters, J.P., Rose, McCarthy and Garry, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.