*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 16, 2015                    520231
_____

MELISSA B. LaVALLEY, as Parent
    and Guardian of NICHOLAS J.
    LaVALLEY, an Infant,
                        Respondent,
        v                                      MEMORANDUM AND ORDER

NORTHEASTERN CLINTON CENTRAL
    SCHOOL DISTRICT et al.,
                        Appellants.
_____

Calendar Date:   June 3, 2015

Before:  Peters, P.J., McCarthy, Egan Jr. and Rose, JJ.

                    _____

        Kelly & Leonard, LLP, Ballston Spa (Michael Regan of
Congdon, Flaherty, O'Callaghan, Reid, Donlan, Travis &
Fishlinger, Uniondale, of counsel), for appellants.

        Law Office of Stephen A. Johnston, Plattsburgh (Stephen A.
Johnston of counsel), for respondent.

                    _____

Rose, J.

        Appeal from an order of the Supreme Court (Muller, J.),
entered September 3, 2014 in Clinton County, which denied
defendants' motion for summary judgment dismissing the complaint.

        Plaintiff commenced this action seeking to recover for
injuries sustained by her son, Nicholas J. LaValley, when he was
assaulted by Timothy Breyette, a fellow ninth grade student at
the high school in defendant Northeastern Clinton Central School
District.  After joinder of issue and discovery, defendants moved
for summary judgment dismissing the complaint.  Supreme Court

denied the motion and defendants appeal.

"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Mirand v City of New York, 84 NY2d 44, 49 [1994] [citations omitted]). Where a fellow student intentionally injures another, the duty is breached if the school had actual or constructive notice of the conduct that caused the injury such that the acts of the fellow student could have been reasonably anticipated (see Hofmann v Coxsackie-Athens Cent. School Dist., 70 AD3d 1116, 1117 [2010]; Wilson v Vestal Cent. School Dist., 34 AD3d 999, 1000 [2006]; Druba v East Greenbush Cent. School Dist., 289 AD2d 767, 768 [2001]). The adequacy of supervision and proximate cause are generally issues of fact for the jury (see Conklin v Saugerties Cent. Sch. Dist., 106 AD3d 1424, 1426 [2013]; Wood v Watervliet City School Dist., 30 AD3d 663, 664 [2006]).

Viewing the evidence in the light most favorable to plaintiff as the nonmovant (see Renwick v Oneonta High School, 77 AD3d 1123, 1124 [2010]; Wood v Watervliet City School Dist., 30 AD3d at 664), we note that Breyette had a history of assaultive behavior, including a previous assault against LaValley in middle school that resulted in Breyette's out-of-school suspension. There is also evidence that, within the month prior to the assault, Breyette specifically threatened violence against LaValley, and plaintiff testified that she immediately informed the high school principal about this threat. Plaintiff also testified that she brought up the conflict between LaValley and Breyette during a meeting with the principal and her son's teachers. Although the principal acknowledged that plaintiff had informed him about the conflict and he testified that he spoke to Breyette about it, Breyette denied that the principal had spoken to him prior to the attack. The attack itself occurred in the school cafeteria, in close proximity to a teacher who had not been notified of the threat or the conflict between the two students. According to Breyette, he calmly approached LaValley, called his name to get his attention and proceeded to punch him in the head 37 times without any adult intervention. He did not stop until another student intervened. In light of this

evidence, we agree with Supreme Court that factual issues exist with respect to the adequacy of defendants' supervision and whether the lack of adequate supervision was a proximate cause of LaValley's injuries (see Hofmann v Coxsackie-Athens Cent. School Dist., 70 AD3d at 1118; Wilson v Vestal Cent. School Dist., 34 AD3d at 1001; Druba v East Greenbush Cent. School Dist., 289 AD2d at 768).

Peters, P.J., McCarthy and Egan Jr., JJ., concur.


ORDERED that the order is affirmed, with costs.


ENTER:

Robert D. Mayberger
Clerk of the Court