*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: March 31, 2016                    520820
_____

JORDAN M. LEWIS, an Infant, by
    his Mother and Guardian,
    MILDRED DAVENPORT, et al.,
                    Appellants,
         v                                    MEMORANDUM AND ORDER

BOARD OF EDUCATION OF THE
    LANSINGBURG CENTRAL SCHOOL
    DISTRICT et al.,
                    Respondents.
_____

Calendar Date:  February 11, 2016

Before:  Garry, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

                    _____


        Law Offices of Craig Myerson, Latham (Craig Myerson of
counsel), for appellants.

        The Mills Law Firm, Clifton Park (Christopher K. Mills of
counsel), for respondents.

                    _____


Clark, J.

        Appeal from an order of the Supreme Court (Zwack, J.),
entered January 22, 2015 in Rensselaer County, which, among other
things, granted defendants' motion for summary judgment
dismissing the amended complaint.

        The infant plaintiff, Jordan M. Lewis (hereinafter
plaintiff), has osteogenesis imperfecta, a congenital disorder
characterized by brittle bones that fracture easily.  His
condition limits his ability to ambulate and generally confines
him to a wheelchair.  In 2011, plaintiff fractured his leg while

in his second-grade classroom at an elementary school in defendant Lansingburgh Central School District.  As a result, plaintiff and his mother, plaintiff Mildred Davenport, commenced this action alleging various causes of action.  Following extensive discovery, defendants moved for summary judgment dismissing the amended complaint, and plaintiffs cross-moved for, among other things, partial summary judgment on the issue of liability.  Supreme Court granted defendants' motion and denied plaintiffs' cross motion.  Plaintiffs appeal.

In granting defendants' motion for summary judgment dismissing the amended complaint, Supreme Court declined to consider the testimony given by plaintiff at his examination before trial and at a General Municipal Law § 50-h hearing — the transcripts of which were submitted by defendants on their motion — on the basis of his age at the time that his testimony was taken.  There is no precise age at which a child is deemed competent to testify under oath (see generally Wheeler v United States, 159 US 523 [1895]; Jerome Prince, Richardson on Evidence § 6-106 [Farrell 11th ed 1995]).  In criminal trials, a child is presumed competent to testify at nine years old (see CPL 60.20 [2]).[1]

Defendants did not raise the issue of plaintiff's competency to testify on their motion; Supreme Court raised it sua sponte, indicating that a judicial determination needed to occur before the testimony could be accepted and that, without such a determination, the testimony was deemed unsworn.  Supreme Court failed to articulate any basis for this determination, except to point to plaintiff's "very young age."  At the time of the General Municipal Law § 50-h hearing, plaintiff was eight years old and, at the time of his examination before trial, he was a few months short of his eleventh birthday.  Notably, each time that plaintiff was placed under oath, the parties did not contest his competency to testify.  Under these circumstances, Supreme Court's refusal to consider plaintiff's testimony was error (see Perez v City of New York, 104 AD3d 661, 661 [2013]).

---

[1]  Over 15 years ago, the age of presumed competence to testify was lowered from 12 years old (see L 2000, ch 1, § 11).

Turning to the merits, it is well settled that, "[w]hile schools are not insurers of the safety of their students, they are under a duty to exercise the same degree of care as would a reasonably prudent parent placed in comparable circumstances" (Lindaman v Vestal Cent. School Dist., 12 AD3d 916, 916 [2004]; see Mirand v City of New York, 84 NY2d 44, 49 [1994]).  Where, as here, a school is aware that a student has a particular disability that makes him or her more susceptible to harm, the school must, in accordance with general negligence tenets, exercise care commensurate with that known disability (see Warley v Grampp, 107 AD3d 1111, 1112 [2013]; Troy v North Collins Cent. School Dist., 267 AD2d 1023, 1023 [1999]; 1A NY PJI3d 2:11 at 240-241 [2016]; 4-98 Warren's Negligence in New York Courts § 98.01 [online treatise]).  "Generally, whether defendants failed to fulfill this duty or whether such failure was the proximate cause of the child's injury presents questions of fact" (Valenti v Young Men's Christian Assn. of Capital Dist., 70 AD3d 1089, 1089 [2010] [citation omitted]; see Wood v Watervliet City School Dist., 30 AD3d 663, 664 [2006]).

In addition to submitting plaintiff's testimony from his deposition and General Municipal Law § 50-h hearing, defendants proffered the deposition testimony of various employees of the school district, including plaintiff's one-on-one aide, defendant Karen Walp, the classroom teacher, defendant Adam Gregorie, and the classroom teaching assistant, defendant Cecelia Broomhead, as well as expert affidavits.  Although there were minor differences in their accounts of the incident, Gregorie and Broomhead consistently testified that plaintiff left his wheelchair without permission, walked to a chair in the classroom, received directions to return to his desk and, at some point while Broomhead was assisting him in moving, ended up on the floor. Gregorie and Broomhead each stated that plaintiff proceeded to crawl on the floor and complained of pain shortly thereafter. Walp, Gregorie and Broomhead all testified that plaintiff sustained his injury while Walp was on break, although defendants' proof revealed some disagreement as to who was responsible for providing plaintiff with one-on-one supervision during that break.  Relying on the version of events given by Gregorie and Broomhead, defendants' experts opined that plaintiff had received appropriate care under all of the circumstances.

Plaintiff's testimony at his examination before trial and the General Municipal Law § 50-h hearing, which Supreme Court improperly disregarded, raised significant factual questions as to how the incident occurred, who was in the room when he sustained the injury and called into question the adequacy and level of supervision and assistance provided by defendants at the time of the incident.[2]  Moreover, plaintiff's testimony revealed that the version of events relied upon by defendants' experts was contested (see Sepesi v Watson, 124 AD3d 1021, 1022 [2015]; Reiss v Sayegh, 123 AD3d 787, 789 [2014]).  Viewing the foregoing evidence in the light most favorable to plaintiffs as the opponents of summary judgment (see e.g. D.T. v Rich, 24 NY3d 1103, 1105 [2014]; Renwick v Oneonta High School, 77 AD3d 1123, 1124 [2010]), triable issues of fact remain as to plaintiffs' negligence cause of action.  Accordingly, as defendants failed to sustain their initial burden on their motion, Supreme Court erred in granting their motion for summary judgment dismissing this cause of action.

The other causes of action were properly dismissed by Supreme Court.  Plaintiffs' contention that they should have been awarded partial summary judgment is meritless.  The remaining arguments are academic or unavailing.

Garry, J.P., Egan Jr., Lynch and Devine, JJ., concur.

---

[2]  Although there were some inconsistencies in plaintiff's testimony, the role of the court on a motion for summary judgment is one of "issue-finding, rather than issue-determination" (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404 [1957] [internal quotation marks and citation omitted]; see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 182 [1994]).

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for summary judgment dismissing the negligence cause of action; motion denied to that extent; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court