Jaquin v Canastota Cent. Sch. Dist. (2019 NY Slip Op 06555)





Jaquin v Canastota Cent. Sch. Dist.


2019 NY Slip Op 06555


Decided on September 12, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 12, 2019

528094

[*1]Angela Jaquin, Individually and as Parent and Guardian of Shelby Jones, an Infant, Respondent,
v
Canastota Central School District, Appellant.

Calendar Date: August 22, 2019

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Rumsey, JJ.


Osborn, Reed & Burke, LLP, Utica (Mark J. Halpin of counsel), for appellant.
McMahon Kublick PC, Syracuse (W. Robert Taylor of counsel), for respondent.



Aarons, J.
Appeal from an order of the Supreme Court (Faughnan, J.), entered October 18, 2018 in Madison County, which, among other things, denied defendant's motion for summary judgment dismissing the complaint.
Plaintiff, on behalf of her daughter (hereinafter the infant), commenced this action due to alleged personal injuries sustained by the infant after she fell while jumping off a mat in her kindergarten gym class. Specifically, as part of "Kidnastics," the infant's gym teacher set up different stations to test the student's various skills, including jumping. The infant climbed five steps onto a mat, which was approximately 16 inches high. As the infant jumped, her feet did not lift off the mat, and she fell forward and landed on her arm. At the time of the accident, the infant had an individualized accommodation plan (hereinafter the 504 plan) under the Rehabilitation Act of 1973 (see 29 USC § 794) because of deficiencies related to her physical coordination and strength. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court, among other things, denied the motion. Defendant appeals. We affirm.
As relevant here, plaintiff alleges that defendant negligently supervised the infant. "Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Powers v Greenville Cent. Sch. Dist., 169 AD3d 1324, 1324-1325 [2019] [internal quotation marks and citations omitted]; accord Wilson v Vestal Cent. School Dist., 34 AD3d 999, 1000 [2006]). Furthermore, a school that is aware of a student's particular disability that makes him or her more susceptible to injury is required to exercise care commensurate with such disability (see Lewis v Board of Educ. of Lansingburgh Cent. Sch. Dist., 137 AD3d 1521, 1522 [2016]). Whether a school breached its duty of care or whether such breach proximately caused the alleged injuries generally presents a factual question for resolution by the trier of fact (see Powers v Greenville Cent. Sch. Dist., 169 AD3d at 1325; LaValley v Northeastern Clinton Cent. Sch. Dist., 130 AD3d 1276, 1277 [2015]; Valenti v Young Men's Christian Assn. of Capital Dist. 70 AD3d 1089, 1089 [2010]).
The infant's gym teacher testified in his deposition that, prior to the students participating in Kidnastics, he explained the safety rules to them and how to proceed through each station. The jumping station had a mat that a student would jump off from and a mat on the ground where the student would land. There were approximately 20 students, and the gym teacher taught them how to jump off the mat at the jumping station. While the students were going through the various stations, the gym teacher stood at one corner of the gym to ensure that there was no trouble. The gym teacher testified that he saw the infant attempt to jump, but "her feet just didn't lift up high enough, and she fell over." The gym teacher noticed that something was wrong with the infant's arm, and the infant was subsequently attended to by the school nurse.
Defendant submitted evidence demonstrating that the gym teacher was aware of the infant's 504 plan and that there were no specific accommodations therein for physical education. The physical therapist who worked with the infant testified that she did not have any safety concerns for the infant regarding physical education. Defendant's expert stated in an affidavit that defendant provided a safe environment for the students, and the gym teacher explained the safety rules and taught proper techniques to the students. The expert thus opined that the infant's alleged injuries were not proximately caused by any inadequate supervision by defendant.
Meanwhile, the infant gave conflicting accounts as to whether a mat was located on the floor where she landed after jumping. The infant also testified in her hearing pursuant to General Municipal Law § 50-h that she explained to the gym teacher how she jumped at the time of the accident and, when the teacher told her that her explanation was incorrect, the infant responded that she jumped how she was instructed to do so by him. Plaintiff's expert stated in an affidavit that the infant's physical limitations impaired her ability to function in class and engage in physical education activities. The expert opined that, when taking into account the class size and the activities performed, defendant negligently supervised the infant by allowing her to jump without having a teacher in close proximity to her.
Based on the foregoing and viewing the evidence in the light most favorable to plaintiff, as we must (see LaValley v Northeastern Clinton Cent. Sch. Dist., 130 AD3d at 1277), we conclude that the record discloses a triable issue of fact as to whether defendant negligently supervised the infant. Furthermore, we reject defendant's assertion that any inadequate supervision did not proximately cause the alleged injuries given that the record reveals a question of fact as to whether the infant's fall was spontaneous and occurred in a very short period of time such that no amount of supervision could have prevented it. Accordingly, defendant's motion for summary judgment was correctly denied (see Flanagan v Canton Cent. School Dist., 58 AD3d 1047, 1048 [2009]; Oakes v Massena Cent. School Dist., 19 AD3d 981, 982 [2005]; Maynard v Board of Educ. of Massena Cent. School Dist., 244 AD2d 622, 622-623 [1997]).[FN1] Defendant's remaining assertions have been examined and are without merit.
Egan Jr., J.P., Lynch, Devine and Rumsey, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: In view of our determination finding a question of fact, we decline plaintiff's request to search the record and grant partial summary judgment in her favor.