Justin M. v Beadle (2021 NY Slip Op 01108)





Justin M. v Beadle


2021 NY Slip Op 01108


Decided on February 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 18, 2021

530977

[*1]Justin M., as Parent and Guardian of Fynn M., an Infant, Respondent,
v
Amy Beadle et al., Appellants.

Calendar Date: January 13, 2021

Before: Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Gozigian, Washburn & Clinton, Cooperstown (E.W. Garo Gozigian of counsel), for appellants.
Joyce & Holbrook Law Firm, Sherburne (Samantha M. Holbrook of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Burns, J.), entered January 23, 2020 in Chenango County, which denied defendants' motion for summary judgment dismissing the complaint.
On November 22, 2016, plaintiff's son, Fynn M. (hereinafter the child), received catastrophic injuries as a result of his attempt to perform a flip off of a picnic table located in defendant Amy Beadle's back yard. At the time of the incident, the child was 11 years old. The night before the accident, the child had slept over at Beadle's home. Plaintiff and Beadle were in a long-term relationship but maintained separate residences for various reasons. Beadle's son, age 13 at the time of the incident, and the child had grown up together, and they frequently slept over at each other's home. Because November 21, 2016 was a school night and plaintiff had to leave for work very early in the morning the following day, he and Beadle had arranged for the child to spend the night at her home and go to school from there. However, on the morning of November 22, the schools were closed due to snow. Beadle went to work, leaving the boys at home and knowing that her daughter, defendant Brielle Beadle, was home from college and was upstairs sleeping. Sometime in the early afternoon, the child went outside to play in the snow and film content for his YouTube channel. To that end, he attempted the flip from the picnic table into the snow and was seriously injured. Plaintiff thereafter commenced this action alleging negligent supervision by defendants. Defendants moved for summary judgment dismissing the complaint. Supreme Court denied the motion and defendants appeal.
"An action for negligence involves three essential elements: first, the existence of a duty owing by the defendant to the plaintiff; second, [the] defendant's failure to discharge that duty; third, injury to [the] plaintiff proximately resulting from such failure" (Barr v County of Albany, 69 AD2d 914, 915 [1979] [citations omitted], mod 50 NY2d 247 [1980]). A plaintiff claiming negligent supervision must demonstrate both that the defendant breached his or her duty to provide adequate supervision and that this breach was the proximate cause of the injuries sustained (see Beninati v City of Troy, 163 AD3d 1241, 1242 [2018]). However, "[i]n the absence of duty, there is no breach and without a breach there is no liability" (Pulka v Edelman, 40 NY2d 781, 782 [1976]).
Defendants initially contend that Brielle Beadle had no duty to supervise the infant. We agree. Although "a person not a parent who undertakes a duty to care for or supervise a child is required to use reasonable care to protect the child from harm and may be liable for injury proximately caused by his or her negligence in doing so" (Mary A. ZZ. v Blasen, 284 AD2d 773, 775 [2001] [emphasis added]), the record reveals that Brielle Beadle never undertook said duty. No one requested her to care for or supervise the child that day, nor did she voluntarily [*2]undertake to control or supervise the child's activities (see Jarvis v Eastman, 202 AD2d 826, 827 [1994]; Nadeau v Stack, 87 AD2d 943, 944 [1982]). In fact, it is unclear from the record whether she was even aware of the child's presence in the home. Simply stated, she had no duty to the child, and, therefore, cannot be held liable for his injuries. As such, the complaint should be dismissed against her.
Defendants next contend that Beadle was also not negligent in failing to supervise the minor and, even if she was, the child's actions were both sudden and unforeseeable. As such, any presumed negligence was not the proximate cause of the child's injuries. "The adequacy of supervision and proximate cause are generally issues of fact for the jury" (LaValley v Northeastern Clinton Cent. Sch. Dist., 130 AD3d 1276, 1277 [2015] [citations omitted]). It is undisputed that the child was left unattended without any adult supervision for approximately six hours. Although some may argue that it is not unreasonable to leave a child his age unsupervised to allow a parent to go to work, there is no bright line test with regard to age, and we are loathe to impose same. When viewed in a light most favorable to plaintiff, a question of fact exists as to whether Beadle exercised reasonable supervision of the 11-year-old child. As to proximate cause, we discern no reason under the facts here to deviate from the general rule that proximate cause is a jury question (see id.).
Egan Jr., J.P., Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion for summary judgment dismissing the complaint against defendant Brielle Beadle; motion granted to that extent and complaint dismissed against said defendant; and, as so modified, affirmed.