| |
|---|
| **Moise v City of New York** |
| 2024 NY Slip Op 30568(U) |
| February 22, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 160384/2019 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:          **HON. HASA A. KINGO**              PART                    05M

                          *Justice*

------------------------------------------------------------------------X

CHANELLE A MOISE,                                   INDEX NO.          160384/2019

                                                    MOTION DATE        02/17/2023
                              Plaintiff,
                                                    MOTION SEQ. NO.        003
               - v -

THE CITY OF NEW YORK, THE CHAPIN SCHOOL,            **DECISION + ORDER ON**
                                                          **MOTION**
                              Defendant.

------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 167, 168, 169, 170

were read on this motion for                    JUDGMENT - SUMMARY                    .

With the present motion defendant THE CHAPIN SCHOOL (hereinafter referred to as "Chapin") moves, pursuant to CPLR § 3212, for an order granting summary judgment and dismissal of plaintiff CHANELLE A. MOISE's (hereinafter referred to as "plaintiff") complaint and all associated cross-claims in its favor. Chapin grounds its motion is on the assertion that there exists no factual basis upon which Chapin can be deemed liable in the instant case. Indeed, Chapin contends that plaintiff's claims against it fail as a matter of law due to the plaintiff's inability to demonstrate inadequate supervision or any negligence on Chapin's part. Plaintiff opposes the motion, and cross-moves for summary judgment as to liability in her favor. Defendant CITY OF NEW YORK also opposes the respective motions, and the dismissal of all associated cross-claims against Chapin.

## BACKROUND AND ARGUMENTS

Plaintiff's lawsuit arises out of injuries that plaintiff sustained following an incident that transpired on March 11, 2019, at 2:00 p.m. on the playground of Carl Schurz Park, situated at East 84th Street and East End Avenue, New York, New York, specifically at the monkey bars. In support of the instant motion, Chapin argues that the evidence presented establishes that there is insufficient support for a claim of negligent supervision against Chapin. Indeed, Chapin argues that plaintiff, who was eighteen years old at the time of the alleged incident, voluntarily signed herself out of school to visit Carl Schurz Park, located across the street from Chapin, with full awareness that no Chapin personnel would be present. Chapin further submits that there was no direction or supervision from Chapin regarding photography activities that transpired at the park that day. Indeed, Chapin submits that plaintiff's injury resulted from the utilization of playground equipment that underwent inspection and maintenance by defendant CITY OF NEW YORK.

[* 1]

Chapin further submits that it was not responsible for the upkeep, maintenance, or inspection of the playground equipment at Carl Schurz Park.

In Chapin's view, plaintiff, along with eleven classmates, chose to take a photo on the monkey bars, placing six girls on top and six girls on the bottom, some holding the bars from above, thus exceeding the weight capacity designed for small children. Chapin contends that the structure subsequently collapsed due to overcrowding that Chapin had no control over. Consequently, Chapin requests that this court to dismiss the action as against it.

In opposition, defendant CITY OF NEW YORK argues that Chapin can be held liable for "foreseeable injuries proximately related to the absence of adequate supervision" (*see Mirand v. City of New York*, 84 NY2d 44 [1994]). Defendant CITY OF NEW YORK takes issue with Chapin's contention that plaintiff was completely beyond the scope of Chapin's authority due to her age and the location of the incident, which occurred outside the physical boundaries of the Chapin School, across the street in a public park. However, defendant CITY OF NEW YORK contends that Chapin neglects to recognize the numerous ways in which the school played a role in plaintiff's presence at the playground where the alleged incident occurred. In defendant CITY OF NEW YORK's view, Chapin's involvement establishes that plaintiff was unquestionably within Chapin's sphere of influence and control.

Defendant CITY OF NEW YORK further takes issue with Chapin's focus of plaintiff's age and subsequent enrollment in college as a basis to suggest that Chapin may not have had a duty towards plaintiff at the time of the alleged incident. While age is indeed a relevant factor in determining the level of supervision owed to a student, it does not negate the existence of such a duty (*see Garcia v. City of New York*, 222 AD2d 192 [1st Dept 1996]). Indeed, while *Garcia* supports the understanding that the level of supervision differs between a five-year-old and a high school student, defendant CITY OF NEW YORK underscores that Chapin fails to provide legal support for its conclusory statements that plaintiff's age and university attendance following the incident release the school from its duty and responsibility over plaintiff on the date of the incident when she was still a student at Chapin.

In contrast to Chapin's unsupported assertions, defendant CITY OF NEW YORK contends that plaintiff was, in fact, under the control of Chapin at the time of the incident. To be sure, defendant CITY OF NEW YORK highlights that plaintiff attested that the reason she and her classmates were at the monkey bars was to take a photograph for the school yearbook, as revealed in plaintiff's June 7, 2021, Examination Before Trial ("EBT") transcript (10:23-11:1). Indeed, plaintiff testified that she belonged to a group of students at Chapin known as the "sole survivors," who had attended the school from kindergarten through twelfth grade (*id*. at 11:2-6). The photograph was taken by the student yearbook staff for inclusion in the yearbook.

Although plaintiff affirmed that no teacher was physically present during the photograph, defendant CITY OF NEW YORK underscores that the teacher responsible for the yearbook was aware of the students' visit to the park specifically for the purpose of capturing the sole survivor photograph (*id*. at 11:25-12:17).

Moreover, defendant CITY OF NEW YORK highlights that the act of students taking a photograph on the monkey bars in question for the yearbook was an established annual tradition for the graduating group of "sole survivors" at the Chapin School. Plaintiff testified that it is customary for the senior class to have the sole survivor photograph published in the Chapin yearbook. This tradition not only involves the annual publication of the sole survivor photograph but also encompasses prior groups taking the photograph on the same set of monkey bars that allegedly caused plaintiff's injury (*id*. at 12:14-13:12, 13:7-12).

Defendant CITY OF NEW YORK submits that the Chapin School's participation in the sole survivor's photograph and plaintiff's presence at the monkey bars in Carl Schurz Park during the incident are further corroborated by plaintiff's testimony. Indeed, plaintiff stated that the students involved in the photograph borrowed uniforms from the school specifically for use in the photograph. The "sole survivors" group wore uniforms from Chapin's lower school, garments they had worn in their earlier years. Plaintiff also noted that adults from Chapin were actively involved in organizing the photos, including assisting in obtaining the lower school uniforms worn by the students in the photograph (*id*. at 12:4-15). Additionally, plaintiff clarified that she would not categorize the event where students went to the park to take photographs as being solely run by students (*id*. 13:3-7).

Defendant CITY OF NEW YORK debunks Chapin's emphasis on a series of emails produced during discovery. To be sure, Chapin references a series of emails exchanged among Chapin staff members after the incident, along with the affidavit from Cathleen Parker ("Parker"), Chapin's Director of Health Services. Chapin presents the emails to suggest that the school was not involved in the photography session preceding plaintiff's injury. However, defendant CITY OF NEW YORK underscores that the emails indicate not only information gathering as the school probed the incident, but confirm that yearbook staff members were present at the park during the official yearbook photograph session on the date of the incident.

Chapin also relies on Parker's affidavit in support of its motion. However, defendant CITY OF NEW YORK argues that the affidavit should be treated as speculative and self-serving as Chapin fails to specify the source of Parker's knowledge regarding student safety procedures, uniform distribution, and school yearbook traditions. Additionally, Parker's affidavit lacks an explanation of her duties and responsibilities at Chapin, failing to establish her qualifications to assert the matters stated therein in an admissible form. Even if considered, defendant CITY OF NEW YORK submits that Parker's statements merely reference the aforementioned emails and provide no additional grounds to argue that the school had no involvement in the annual tradition of the sole survivor yearbook photograph.

Defendant CITY OF NEWK and plaintiff further take issue with Chapin's assertions, without legal support, that the photographs were taken solely for Instagram, a claim backed only by emails sent as Chapin staff sought to investigate the incident post-occurrence. Moreover, defendant CITY OF NEW YORK and plaintiff challenge Chapin's contention that plaintiff signing herself out of the school building before going to the park absolves Chapin of any duty owed to plaintiff. Contrary to that contention, defendant CITY OF NEW YORK and plaintiff argue that this assertion is unsupported by any applicable law and contradicted by plaintiff's own understanding of the significance of signing out, which she explained was primarily for record-

160384/2019   MOISE, CHANELLE A vs. CITY OF NEW YORK                    Page 3 of 6
Motion No.  003

3 of 6

[* 3]

keeping purposes in case of emergencies. Furthermore, plaintiff testified that the ability to sign out was not contingent on being eighteen years old but rather permitted for students starting in ninth or tenth grade, thus challenging Chapin's argument.

Contrary to Chapin's selective reliance on self-serving documents to support its claim of non-involvement in the students' presence at the playground, defendant CITY OF NEW YORK submits that plaintiff's testimony directly undermines and contradicts Chapin's argument. In its view, plaintiff's sworn testimony, disputed only by emails whose admissibility remains unestablished, attests to Chapin's active participation during the event leading to plaintiff's alleged injury.

Defendant CITY OF NEW YORK further argues that the evidence presented reveals connections between plaintiff and Chapin, demonstrating that the incident transpired within the school's sphere. Specifically, the incident occurred during school hours, and plaintiff reported it to Chapin. Following the report, Chapin dispatched representatives to investigate. Post-incident, plaintiff sought medical care from the school nurse, Parker, where another Chapin school administration member gathered information about the incident. Additionally, Parker, the school nurse, completed an incident report using Chapin's resources, emphasizing the school's contemporaneous authority and control. Collectively, defendant CITY OF NEW YORK contends that these factors establish Chapin's direct involvement, responsibility, and control concerning the subject incident.

Considering these factors holistically, defendant CITY OF NEW YORK submits that becomes evident that at the time of the incident, the Chapin School held a duty to provide adequate supervision to plaintiff, who was within its authority, charge, and orbit. Consequently, defendant CITY OF NEW YORK submits that Chapin's motion for summary judgment must be denied as questions of fact persist.

In opposition, and in support of its own cross-motion for judgment in its favor, plaintiff reiterates many of the arguments levied by defendant CITY OF NEW YORK, and underscores the fact that plaintiff's age at the time of the incident is irrelevant, as plaintiff was not on the monkey bars at the time of the accident, and was using the equipment as she had been told to use it her entire tenure at Chapin, and continued to do so during this Chapin school event for which Chapin was responsible for not only ensuring the equipment was safe for Chapin's special use during recess and school hours, but also that it investigated the safety and warned students regarding the safety of the equipment, and limitations of its uses if any. As Chapin utterly failed in its duty, plaintiff submits that Chapin's motion must be denied, and its separate motion granted.

## DISCUSSION

The proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law (*Alvarez v. Prospect Hospital*, 68 NY2d 320 [1986]; *Winegrad v. New York University Medical Center*, 64 NY2d 851 [1985]). Summary judgment is a drastic remedy that deprives a litigant of his or her day in court. Therefore, the party opposing a motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted and the papers will be

160384/2019  MOISE, CHANELLE A vs. CITY OF NEW YORK                Page 4 of 6
Motion No. 003

4 of 6

scrutinized carefully in a light most favorable to non-moving party (*Assaf v. Ropog Cab Corp.*, 153 AD2d 520 [1st Dept 1989]).  Summary judgment will only be granted if there are no material, triable issues of fact (*Sillman v. Twentieth Century-Fox Film Corp.*, 3 NY2d 395 [1957]). Once movant has met his initial burden on a motion for summary judgment, the burden shifts to the opponent who must then produce sufficient evidence to establish the existence of a triable issue of fact (*Zuckerman v. City of New York*, 49 NY2d 557 [1980]). It is well settled that issue finding, not issue determination, is the key to summary judgment (*Rose v. Da Ecib USA*, 259 AD2d 258 [1st Dept 1999]). When the existence of an issue of fact is even fairly debatable, summary judgment should be denied (*Stone v. Goodson*, 8 NY2d 8, 12 [1960]). However, to defeat a motion for summary judgment, the non-moving party must establish the existence of triable issues of fact that are, "real, not feigned since a sham or frivolous issue will not preclude summary relief" (*Kornfeld v. NRX Technologies, Inc.* 93 AD2d 772 [1st Dept 1983]).

It is well established that schools, having assumed physical custody and control over their students, are under a duty to adequately supervise the students in their charge, as would a parent of ordinary prudence in comparable circumstances (*Ohman v. Board of Education of the City of New York*, 300 NY 306, 309 [1949]). Schools will be held liable for foreseeable injuries proximately related to the absence of adequate supervision. However, schools are not insurers of safety, for they cannot reasonably be expected to continuously supervise and control all movements and activities of students. Consequently, schools are not to be held liable, "for every thoughtless or careless act by which one pupil may injure another" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]).

As relevant here, plaintiff alleges that Chapin negligently supervised plaintiff. "Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand*, 84 NY2d 44, *supra*; *Powers v. Greenville Cent. Sch. Dist.*, 169 AD3d 1324, 1324–1325 [3d Dept. 2019]; *accord Wilson v. Vestal Cent. School Dist.*, 34 AD3d 999, 1000 [3d Dept 2006]; *see also Lewis-Moore v. Cloverleaf Tower Housing Development Fund Corp.*, 26 AD3d 292 [1st Dept 2006]; *see Candela v. New York City School Const. Auth.*, 97 AD3d 507, 511 [1st Dept 2012]). Furthermore, a school that is aware of a student's particular activities that make him or her more susceptible to injury is required to exercise care commensurate with such activities (*see Lewis v. Board of Educ. of Lansingburgh Cent. Sch. Dist.*, 137 AD3d 1521, 1522 [3d Dept 2016]). Whether a school breached its duty of care or whether such breach proximately caused the alleged injuries generally presents a factual question for resolution by the trier of fact (*see Powers*, 169 AD3d at 1325, *supra*; *LaValley v. Northeastern Clinton Cent. Sch. Dist.*, 130 AD3d 1276, 1277 [3d Dept 2015]; *Valenti v. Young Men's Christian Assn. of Capital Dist.*, 70 AD3d 1089, 1089 [3d Dept 2010]).

Here, based on the record evidence, Chapin has failed to set forth a prima facie showing. Among other things, the court finds that the affidavit submitted by Chapin is insufficient as a matter of law,  and does not categorically rule out Chapin's supervisory responsibilities to plaintiff. Parker's affidavit selectively attests to emails suggesting that plaintiff and other students learned only of the sole survivors' photo through Facebook without challenging numerous assertions within the record, including those by plaintiff herself, suggesting that the sole survivors' photo was a school tradition. Factual discrepancies such as this are not appropriately resolved on summary judgment. Rather, such factual discrepancies are best left to the province of a jury. Notably, even

160384/2019   MOISE, CHANELLE A vs. CITY OF NEW YORK
Motion No.  003

Page 5 of 6

if Chapin had made a prima facie showing, there are ample issues of fact here warranting the denial of its motion. To be sure, Chapin used the park, including the monkey bar equipment, for all its students daily and brought plaintiff herself, multiple times per week, to the park to use the equipment during recess. Based upon this, plaintiff relied on Chapin's representation that the equipment was safe for her and other students to use. Yet Chapin never inquired into the safety of the equipment or ever inspected the equipment it expected all its students to use during recess daily. Thus, Chapin failed in its duty to provide equipment that was fit and safe to use during its school recess or outings such as the yearbook outing sponsored by Chapin. Moreover, Chapin cannot credibly argue that the yearbook event was not sponsored by Chapin as Chapin's own Head of School, Michael Mallory, acknowledged that the sole survivor event at Carl Schurz Park was an annual school event where the seniors would wear Chapin's lower school uniforms to commemorate being at the school since infancy. The court also credits the aforementioned arguments proffered by defendant CITY OF NEW YORK as evidence that requisite issues of fact exist to warrant the denial of Chapin's motion.

Similarly, granting judgment in favor of plaintiff is unjustified, as plaintiff herself has not successfully established a prima facie case regarding the matter of liability. The complexities presented by the current motion are most appropriately addressed and deliberated upon at trial, where a jury can thoroughly examine and adjudicate the pertinent issues.

Accordingly, it is hereby

ORDERED that Chapin's motion for summary judgment is denied in its entirety; and it is further

ORDERED that plaintiff's cross-motion for partial summary judgment is denied in its entirety.

This constitutes the decision and order of the court.

20240222095429HKINGOEF5170X004B648F8A14AACE40347020

| **2/22/2024** | | | | HASA A. KINGO, J.S.C. | |
| DATE | | | | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

160384/2019   MOISE, CHANELLE A vs. CITY OF NEW YORK
Motion No. 003

Page 6 of 6

[* 6]