Schaffer v State of New York (2025 NY Slip Op 02114)

Schaffer v State of New York

2025 NY Slip Op 02114

Decided on April 10, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 10, 2025

CV-23-2322
[*1]Daniel Schaffer, Respondent,
v
State of New York, Appellant.

Calendar Date:February 11, 2025

Before:Garry, P.J., Aarons, Reynolds Fitzgerald, McShan and Mackey, JJ.

Letitia James, Attorney General, Albany (Douglas E. Wagner of counsel), for appellant.
Hach Rose Schirripa & Cheverie LLP, New York City (Hillary M. Nappi of counsel), for respondent.

Mackey, J.
Appeal from an order of the Court of Claims (J. David Sampson, J.), entered October 19, 2023, which, among other things, partially denied defendant's motion for summary judgment dismissing the claim.
Claimant commenced this action under the Child Victims Act (see L 2019, ch 11 [hereinafter the CVA]) alleging that, in the early 1970s when he attended elementary school at the Ella Van Hoesen Campus School (hereinafter the school), he was sexually abused by Larry Watts, his gym student-teacher and basketball coach, while at school, in Watts' car and when Watts babysat him in his home. Later, in 1986, the State Education Department learned of Watts' failure to disclose a 1971 conviction for sexual abuse in the second degree and revoked his teaching certifications.
Underlying his claim, claimant asserted that, at the time of the abuse, defendant owned SUNY Cortland, which in turn owned, operated, managed, maintained, controlled and directed operations of the school. Accordingly, claimant alleged that defendant was, among other things, negligent in hiring, supervising and retaining Watts and negligent in failing to protect claimant from foreseeable harm while under defendant's supervision. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the claim. The Court of Claims partially granted defendant's motion, dismissing, among other things, that part of the claim pertaining to abuse in claimant's home but otherwise denied summary judgment as to the claims of negligence and negligent hiring, supervision and retention. Defendant appeals.
"[S]ummary judgment is a drastic remedy and should not be granted where triable issues of fact are raised and cannot be resolved on conflicting affidavits" (Amici v Mazza, 234 AD3d 1170, 1172 [3d Dept 2025] [internal quotation marks and citation omitted]). Upon such motion, "it is the moving party's burden to establish its prima facie entitlement to judgment as a matter of law by presenting sufficient evidence demonstrating the absence of any material questions of fact" (EDW Drywall Constr., LLC v U.W. Marx, Inc., 189 AD3d 1720, 1721 [3d Dept 2020]; see O'Toole v Marist Coll., 206 AD3d 1106, 1107-1108 [3d Dept 2022]). "Only when the movant satisfies its obligation does the burden shift to the nonmovant to present evidence demonstrating the existence of a triable issue of fact" (Smero v City of Saratoga Springs, 160 AD3d 1169, 1170 [3d Dept 2018] [internal quotation marks and citations omitted]; see Cho-Bodnar v Adirondack Maxillofacial Surgery, 215 AD3d 1101, 1104-1105 [3d Dept 2023]).
"To establish a cause of action based on negligent hiring, negligent retention, or negligent supervision, it must be shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (Nellenback v Madison County, 223 AD3d 1025, 1026 [3d Dept 2024] [quotation marks and citations omitted]. In support of its motion for summary judgment as to this claim[*2], defendant concedes on appeal that "it is not clear" whether it had any role in hiring Watts, as the relevant records are not available — the reason for their absence, despite the apparent retention of Watts' employment application materials for other positions, is not evident in the record. As to Watts' propensity for sexual abuse, defendant asserted that it was not made aware of his 1971 sexual abuse conviction until 1986 and that it was not obligated, at the time Watts was hired, to conduct a criminal background check. Defendant further noted that records indicated Watts had obtained references from school officials and appeared to be a positive member of the community; however, defendant did not demonstrate what hiring practices would have been otherwise applicable. Relying upon claimant's deposition testimony, defendant similarly argued that it was not aware of incidents in which Watts showered with and inappropriately touched students in the locker room, as no reports had been made in this regard notwithstanding claimant's contention that another teacher had been present in a nearby office during the incidents but failed to investigate. Related to abuse that occurred after basketball practice, defendant argued that claimant failed to demonstrate that the after-school basketball program was run by defendant or that Watts was hired by defendant to teach in the program.
Based upon the foregoing, defendant failed to affirmatively demonstrate its entitlement to summary judgement; namely, that it had not hired Watts, that it adhered to appropriate hiring procedures and that there was no basis to conclude that it should have known of his propensity to sexually abuse children. Defendant's arguments "pointing to gaps in [claimant's] proof" were insufficient to meet its burden (Burdick v Tonoga, Inc., 191 AD3d 1220, 1223 [3d Dept 2021]; see DiBartolomeo v St. Peter's Hosp. of the City of Albany, 73 AD3d 1326, 1327 [3d Dept 2010]). Accordingly, its motion for summary judgment as to this claim was properly denied (see O'Connor v Aerco Intl., Inc., 152 AD3d 841, 842-843 [3d Dept 2017]; Travis v United Health Servs. Hosps., Inc., 23 AD3d 884, 884-885 [3d Dept 2005]; compare Nellenback v Madison County, 223 AD3d at 1026-1027).
We similarly find that defendant failed to meet its burden on summary judgment as to the claim alleging negligent supervision of claimant. Succinctly, a negligence claim requires the showing of a duty owed, the breach thereof and a resulting injury (see A.J. v State of New York, 231 AD3d 237, 239 [3d Dept 2024]; Reese v Raymond Corp., 202 AD3d 1304, 1307 [3d Dept 2022]). Pertinent here, because schools assume physical custody and control over students akin to that of parents and guardians, "[s]chools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (LaValley v Northeastern Clinton Cent. Sch. Dist., [*3]130 AD3d 1276, 1276 [3d Dept 2015] [internal quotation marks and citations omitted]; see Quinn v Wallkill Sch. Dist., 215 AD3d 1113, 1114 [3d Dept 2023]). In support of its motion, defendant again failed to meet its burden by relying upon claimant's purported lack of proof that the incidents of sexual abuse following the after-school basketball program had occurred at a place and time in which claimant remained under defendant's care (see Burdick v Tonoga, Inc., 191 AD3d at 1223; DiBartolomeo v St. Peter's Hosp. of the City of Albany, 73 AD3d at 1327). Defendant's contention that it cannot be held liable, as a matter of law, for abuse that occurred after the school day ended or in Watts' car while on school premises is unpersuasive (see generally Stephenson v City of New York, 19 NY3d 1031, 1034 [2012]; E.W. v Madison-Oneida Bd. of Coop. Educ. Servs., 232 AD3d 1163, 1163-1164 [3d Dept 2024]). Moreover, defendant failed to otherwise establish that claimant was not under its care while participating in the program or that it had not hired Watts to coach the program (see T.E. v South Glens Falls Cent. Sch. Dist., 232 AD3d 1185, 1186 [3d Dept 2024]; LaValley v Northeastern Clinton Cent. Sch. Dist., 130 AD3d at 1276). We further find no merit in defendant's contention that the claims for negligence and negligent hiring, supervision and retention are duplicative under the facts alleged here, as the latter is based upon defendant's status as an employer, and the former concerns defendant's supervision of claimant (see generally C.M. v West Babylon Union Free Sch. Dist., 231 AD3d 809, 811-812 [2d Dept 2024], lv dismissed 42 NY3d 1092 [2025]; Feaster v Poly Prep Country Day Sch., 227 AD3d 668, 670 [2d Dept 2024]; Easterbrooks v Schenectady County, 218 AD3d 969, 970-971 [3d Dept 2023]).
Garry, P.J., Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.